BAILEY v. WILLEFORD.

(Circuit Court of Appeals, Fourth Circuit. February 21, 1905.)

No. 534.

FEDERAL COURTS—ENJOINING ENFORCEMENT OF STATE JUDGMENT—COMITY.

The defendant in an action at law in a state court, who was a nonresi-dent of the state and might have removed the cause, went to trial in the state court instead, and, after an adverse verdict and the overruling of his motion for a new trial, appealed to the Supreme Court of the state, which affirmed the judgment. Thereafter he instituted a suit in equity in the same court to set aside the judgment and enjoin its enforcement, on the ground that it was procured by fraud and perjury. This suit was heard on motion for a preliminary injunction, which was denied. Held, that a federal court was justified in refusing to interfere by injunction to re-strain collection of the judgment on practically the same ground that had been passed on by the state court, the application being supported by the same affidavits, with no additional evidence except such as was merely cumulative.

[Ed. Note.—Federal courts enjoining proceedings in state courts, see notes to Garner v. Bank, 16 C. C. A. 90; Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.

Conclusiveness of judgments between state and federal courts, see notes to Railroad Co. v. Morgan, 21 C. C. A. 478; Bank v. Memphis, 49 C. C. A. 468.]

Goff, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

For opinion below, see 126 Fed. 803. See, also, 131 Fed. 242.

Thomas J. Jerome and T. P. Cothran, for appellant.

Robert B. Redwine and A. M. Stack, for appellee.

Before GOFF, Circuit Judge, and MORRIS and PURNELL, District Judges.

MORRIS, District Judge. This is a bill of complaint, filed Octo-ber 2, 1903, in the United States Circuit Court for the Western District of North Carolina, in equity, by P. S. Bailey, a citizen of South Caro-lina, against Thomas F. Willeford, a citizen of North Carolina. The object of the bill was to obtain an injunction perpetually restraining the defendant, Willeford, from enforcing a judgment for $5,000, which

he had obtained against the complainant in the superior court of Union county, N. C., at the October term of said court, 1902, and for a decree declaring the judgment null and void because obtained by collusion, fraud, conspiracy, and perjury. The cause of action upon which the judgment for $5,000 was recovered was the injury done by Bailey, the defendant in that action, to the plaintiff, by the defendant enticing the plaintiff's 17 year old daughter to leave her father's home and service in Union county, N. C., and go to South Carolina, where, as alleged, the defendant harbored, seduced, and debauched her. Bailey, the defendant, denied all the allegations of the complaint, and a great deal of testimony was adduced on both sides. The jury found a verdict for the plaintiff for $5,000 on October 13, 1902. The record then contains the following:

"October, 1902, Thos. F. Willeford vs. P. S. Bailey. Motion of defendant to set aside verdict. Motion overruled. Judgment for plaintiff. Defendant excepts, and appeals to Supreme Court. Notice of appeal given in open court; notice waived. Sixty days allowed defendant to serve appeal; sixty days thereafter to serve countercase. Bond fixed in sum of $50. Bond to stay execution in sum of $6,000."

Appeal was entered, and the bond prescribed by the court to stay execution was given, and the case was taken to the Supreme Court of North Carolina, and that court, April 21, 1903, affirmed the judgment. On May 9, 1903, Bailey instituted an action in the superior court of Union county, N. C., in equity, to set aside the judgment upon the ground of newly discovered evidence showing that Willeford had obtained the judgment by fraud in procuring his daughter to commit perjury at the trial. Great numbers of affidavits were filed in that action on behalf of Bailey, and a great number of counter affidavits on behalf of Willeford, and of some of the affiants it may be said that in some affidavits they swore favorably to one side, and in other contradictory affidavits they swore favorably to the other side. The case on the motion for an injunction was most fully and carefully prepared for presentation to the court, and was heard August 8, 1903, nearly a year after rendition of the verdict, and on April 20, 1903, the superior court of Union county entered an order refusing to set aside the verdict or to enjoin execution on the judgment. Thereupon Bailey gave notice of an appeal. But the appeal was abandoned, and Bailey filed in the case, October 8, 1903, a paper stating he took a non pros. Meanwhile, on October 2, 1903, he had instituted this suit in equity in the United States Circuit Court. The allegations and the affidavits relied upon in this case to show the perjury of Willeford and his daughter are in substance the same affidavits which were relied upon in the case instituted to impeach the verdict in the superior court of Union county, and have reference to the same occurrences detailed in the former affidavits and in the testimony adduced on both sides in the original jury trial. The affidavits filed in this proceeding, which were not filed in the proceeding in the state court, are but cumulative in their character. The charges of fraud made in this proceeding are substantially the same made in the proceeding to vacate the judgment instituted, heard, and decided in the state court, and are supported substantially by the same evidence, with

some additional affidavits of a cumulative character to support the same charges of perjury and fraud. The facts stated in the affidavits are in every way discreditable to the principal parties concerned, and ill savored, and it seems not necessary to rehearse them here, as they are sufficiently set forth by Judge Simonton in his opinion in the Circuit Court, reported in 126 Fed. 803.

If the proceeding in equity in the state court to impeach the judgment was a binding adjudication against Bailey, then there could be no question but that he would be debarred from raising the same question again in any other court. It is urged, however, very strenuously in his behalf that the hearing in that case was only upon the question of granting a preliminary injunction, and, when that was refused, Bailey dismissed the suit, so that it was not a final hearing and does not conclude him as res judicata. But what was heard and decided was the very same matter which was brought to a hearing in the Circuit Court, and upon substantially the same allegations and affidavits, invoking precisely the same remedy as is prayed for in this case. The question whether the testimony given by Willeford's daughter was truthful or perjured was the vital issue in the jury trial and in the motions for a new trial, and in the proceedings in the state court to impeach the judgment. Under these circumstances, it is obvious that the judge of the Circuit Court was called upon to be most guarded in his scrutiny of the application made to him for an injunction. It may be that the matter was not in a strict sense res judicata, but it had been fully heard in the state court upon the same affidavits, and decided against Bailey. The defendant produced at the jury trial as witnesses two white men, who testified positively to Willeford's daughter's misconduct with each of them prior to the time when she was alleged to have gone to South Carolina at Bailey's instance, and also the testimony of several colored witnesses, who gave testimony tending to corroborate these statements, so that the question of the daughter's character and credibility was a distinct and vital issue at the jury trial. In the proceedings in the state court to impeach the judgment, Bailey produced the affidavit of Willeford's daughter to the effect that she had sworn falsely in her testimony before the jury, and Willeford produced her subsequent affidavit that she had made the affidavit produced by Bailey by his persuasion, and while away from her home and under his dominating control in South Carolina, and that it was not true, and that on a second trial she would testify as she had testified on the first trial. It seems obvious that there was no conclusive and incontrovertible proof of fraud or perjury presented to the Circuit Judge, and that the very issue of fraud and perjury had been presented to and passed upon by the jury. U. S. v. Throckmorton, 98 U. S. 61–66, 25 L. Ed. 93.

In the jury trial it had been determined by the denial of a motion for a new trial that the jury had not mistaken the facts, on the appeal to the Supreme Court of North Carolina it had been determined that the trial court had made no mistake in the law, and by the action of the state court in the proceeding to impeach the judgment upon newly obtained testimony since the trial it had been ruled that the newly obtained affidavits did not entitle Bailey to relief by injunction. It is plain, therefore, that Bailey was seeking in the federal court to obtain an injunction

on a preliminary hearing because of matters which had been already heard and decided against him in the state court—the tribunal to which he had submitted his rights—and this in the face of the fact that Bailey could at the first have removed the case, because of diversity of citizenship, from the trial court to the federal court, or, if he afterwards desired the federal court to consider the effect of his newly obtained evidence, could have filed his bill in equity in the federal court. It is further to be borne in mind that this is not a proceeding looking to a new trial, which the federal court could not direct, but to an absolute annulment of the judgment and of the cause of action. We think that under all the circumstances it cannot be said that the Circuit Judge was wrong in holding that before he granted an injunction the case must be a strong one, and the newly discovered evidence not merely cumulative and corroborative, and that to charge conspiracy was merely to give a name to the same transactions which had been examined into in the trial court. As was said in Crim v. Handley, 94 U. S. 652–658, 24 L. Ed. 216:

"Frequent applications to enjoin judgments were made in equity before the practice of awarding new trials in courts of law. Until the practice of granting new trials in courts of law was introduced, every reason existed why equitable relief should be afforded; but as the courts of law now exercise that power very liberally, especially in case of fraud or unavoidable accident, a resort to equity is seldom necessary or successful."

The Circuit Judge held that the complainant, Bailey, had not made out a case for interference by the Circuit Court, and refused the motion for an injunction, and his action is affirmed.

GOFF, Circuit Judge, dissents from the opinion and judgment in this case.