## OKLAHOMA FARMERS' MUTUAL INDEMNITY ASSOCIA-
## TION v. SUTTON.

No. 650.    Opinion Filed November 16, 1910.

**INSURANCE—Mutual Farm Insurance—General Verdict—Sufficiency.**
O. Company insured S. for a term of years beginning on the 17th of May, 1906, in consideration of a certain premium paid to it by S., said company being a mutual insurance company existing by virtue of art. 5, ch. 43, Wilson's Rev. & Ann. St. 1903. A general verdict was returned in favor of the assured and judgment rendered thereon against the company for the recovery of said sum. Held, under this record, not to be error.

(Syllabus by the Court.)

*Error from District Court, Washita County; J. R. Tolbert, Judge.*

Action by Mrs. S. E. Sutton against the Oklahoma Farmers' Mutual Indemnity Association. Judgment for plaintiff, and defendant brings error. Affirmed.

*George T. Webster,* for plaintiff in error.
*T. A. Edwards,* for defendant in error.

WILLIAMS, J. This was an action by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover on an undertaking in writing entered into by it on the 17th day of May, 1906, in consideration of a certain premium paid by plaintiff to defendant, whereby it insured plaintiff's certain house, furniture, beds, bedding, wearing apparel, jewelry, books etc., for a term of years in the sum of $925 against all losses by fire and lightning, cyclones, tornadoes or windstorms— $825 as damages, with interest thereon at the rate of seven per cent per annum from the 12th day of June, 1907. The insurance undertaking or policy upon which this action is based is, in part, as follows:

"In consideration of the payment of thirty-two and 37-100 dollars, payable as follows: ...............Dollars cash, and twenty-three and 12-100 dollars on or before the 1st day of September, 1906; and .........................dollars on or before .................day of ...........................

19......, and a premium contract for nine and 25-100 dollars, payable in part or whole, as the directors of said association may demand upon an assessment to be made by them whenever they shall deem the same necessary for losses and expenses. This contract, or such part thereof as shall remain unpaid at the expiration or termination of said policy, shall be given to the maker, provided all assessments on this contract and all liabilities of the maker to said association shall have been paid. If default is made in the payment of any one assessment as above stated, then the whole of the contract shall become immediately due and payable. In no event can the assured be called on for more than the amount of this contract. The representations and declarations made by the assured in his application and contract does insure Mrs. S. E. Sutton, Cloud Chief, Okla., against loss or damage by fire, lightning, wind, cyclones and tornadoes, in the sum of nine hundred twenty-five dollars according to the specifications below, on the following described property for the term of five years. * * *

"And the Oklahoma Farmers' Mutual Indemnity Association hereby agrees to indemnify and make good said assured, his executors, administrators or assigns, in sixty days after receipt of satisfactory proof, all such immediate loss or damage, not exceeding in amount the sum or sums as above itemized, nor the actual cash value of the property at time of loss."

Defendant, in its answer, pleaded, among other things, failure to prove loss, misrepresentations as to value, etc., in procuring the application. Section 8 of an act of Oklahoma Territory, February 27, 1899 (sec. 3263, Wilson's Rev. & Ann. St. 1903), provides:

"The premiums upon growing crops shall be applied to loss or damage on growing crops, and the premiums upon live stock, farm buildings and other property insured against fire, lightning or wind storms, shall be applied to losses upon such property. The expenses of the association shall be borne ratably by all the insurance carried by the association."

The only error urged here is that the judgment rendered on such verdict is contrary to said section. Nothing in the record shows that the court was requested to order that said judgment direct that said sum be collected out of premiums upon live stock or farm buildings or other property and not out of the premiums

upon growing crops. This matter not having been called to the attention of the trial court, it is not essential to determine this question, especially in view of the fact that the presumption is that plaintiff in error has the funds with which to meet said judgment, and that it contested same because it deemed that it had an adequate defense to said policy, and not because it was unable to pay the loss.

The judgment of the lower court is affirmed.

All the Justices concur.