BRIAN E. MCDONOUGH, In Review *vs.* FRED A. BLOSSOM.

Cumberland. Opinion September 11, 1913.

*Attachment. Entered by Special Leave of Court. Entry. Jurisdiction.*
*Motion to Dismiss. Order of Service. Petition for Review.*
*Revised Statutes, Chapter 91 Section 9. Revised Statutes,*
*Statutes, Chapter 84, Section 1. Writ of Review.*

1. The statute, R. S., chapter 91, section 8, requires that writs of review be served "as other writs."
2. A writ of review, on which no attachment nor service has been made, cannot be entered in court, with or without leave.
3. If a writ of review on which no attachment nor service has been made be entered in court improperly, the court gets no jurisdiction, even to order notice; and if notice is ordered, the order is improvident, and the notice ineffective. Upon motion seasonably made the writ must be dismissed.
4. Neither R. S., chapter 84, section 1, nor the Public Laws of 1911, chapter 149, confers jurisdiction upon a justice of the court to order notice, in term time or vacation, on a writ on which there has been neither attachment, nor service.

On exceptions by defendant. Exceptions sustained. Writ of review dismissed.

This is an action of review. The defendant here, who was the plaintiff in the original action, recovered judgment against the plaintiff here, who was defendant in said original action. The plaintiff brought a petition for review, which was granted. This writ of review was sued out, dated October 7, 1912, and made returnable to a term of court which was begun on the following day, and which was the next term after the review was granted. There was no attachment made on said writ and no service of same before entry in court. On the return day, the defendant appeared specially and moved to dismiss the action for want of proper legal service. This motion was overruled and the defendant excepted. The case is stated in the opinion.

*Carrol W. Morrill, B. F. Cleaves,* for plaintiff.

*Symonds, Snow, Cook and Hutchinson, M. P. and H. P. Frank,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J. The defendant here, plaintiff in the first instance, recovered judgment against this plaintiff, then defendant. The plaintiff brought a petition for review which was granted. *Mc-Donough* v. *Blossom,* 109 Maine, 141. A writ of review was sued out, dated October 7, 1912, and made returnable to a term of court which was begun on the following day, and which was the next term after the review was granted. The defendant was a resident of this State, but no service of the writ was made on him. No attachment was made. No attachment could be made. R. S., ch. 91, sect. 9. On the eighth day of the term, the writ was entered by "special leave" of the court. Later in the term, on motion of the plaintiff, personal service was ordered on the defendant, the order being made returnable at the next succeeding term of court, and service was made as ordered. On the return day, the defendant appeared specially, and moved to dismiss the action for want of proper legal service. The motion was overruled, and the defendant excepted.

The question thus presented is whether a writ of review can legally be entered in court, with or without leave, when there has been no service whatever upon the defendant. For we shall assume that if such a writ is properly entered, and is properly in court, the court may order notice to the adverse party, as provided in R. S., ch. 84, sect. 1. But unless the proceeding, which is a writ, sued out of court like other writs, is properly pending in court, the court has no jurisdiction to order notice.

In the original statute respecting writs of review, Public Laws of 1821, ch. 57, sect. 4, no specific provision was made for the form of such a writ, nor for its service. But in the general revision of 1841, ch. 124, sect. 2, it was provided that "it shall not be necessary, in the writ of review, to recite at length the writ and proceedings

in the original suit, but it may merely contain a summons to the defendant to appear and answer to the plaintiff in review of an action," and so forth. And in section 3 of the same chapter, it was provided that "such writ of review may be served in the same manner as other writs." And in section 5 it was further provided that "the plaintiff in review shall enter the action at the next term after it is granted, unless for special reasons the court on motion grant leave to enter it at the second term." In the revision of 1857, ch. 89, sect. 6, the provisions for the form of the writ, and for service were condensed so as to read as follows: "The writ shall contain a summons to appear and answer to the plaintiff in review, and it may be served as other writs." And in this form the statute has remained until now. R. S., ch. 91, sect. 8.

If writs of review, which must be served "as other writs," follow the analogy of other writs, it would seem that they must be served before entry in court. As to other writs, it was so held in *Searles v. Hardy,* 75 Maine, 461. In the writ in that case, the defendant was described as an inhabitant of the State. No attachment was made. No service was made or attempted. The writ was entered in court, and an order of notice was obtained. In sustaining a motion to dismiss, the court said:—"An action such as this was cannot properly be entered in court without any service of the writ whatever, or any attempt to serve it, if the defendant is an inhabitant of the State, and no property has been attached upon the writ. If property has been attached upon the writ, or the service is defective without the fault of the plaintiff or his attorney, the action may be entered and an order of notice obtained. But when no property is attached, and no service of any kind attempted, the action cannot properly be entered and an order of notice obtained. And if such an order is improvidently made and complied with, the action will nevertheless be dismissed on the defendant's motion, if the motion is seasonably made."

But the plaintiff contends that the rule in *Searles* v. *Hardy* has been changed by two statutes which have become effective since *Searles* v. *Hardy* was decided. The two statutes are R. S., 1883, ch. 82, sect. 1. (Now R. S., ch. 84, sect 1.) and the Public Laws

of 1911, ch. 149. In the former, it was provided that "when it appears that a defendant has not had sufficient notice, the court may order such further notice as it deems proper. Any Justice of the Supreme Judicial or of either Superior Court may order notice concerning any civil proceeding, in or out of term time." The latter provides that "when it appears that the defendant has not had sufficient notice, the court may order such further notice as it deems proper. Any Justice of the Supreme Judicial or of either Superior Court may order notice concerning any court proceeding in or out of term time. . . . Any order of notice that the court may grant may be ordered by a Justice in vacation." These two statutes seem to cover the same ground, in the same way, and to the same extent. It may be said in passing that the words "order or notice" is probably a misprint for "order of notice." For the context leads us to think that the Legislature did not intend to give to Justices out of court the power to transact so much of the proper business of the court in session, as would be true, if a Justice out of court could make any order that the court could make. This would include almost everything done in court except the actual trial of issues of law or fact. But the phrase referred to can have no significance in this case, for here the order of notice was made by a Justice in term time.

It is conceded in argument, and properly, that the provisions in these statutes that the court may order "further notice" when the defendant has not had "sufficient notice" apply only in cases where service has been attempted, but is for some reason defective, and not in cases where no service at all has been made. But the plaintiff relies upon the other provisions empowering the court to order notice "concerning any civil proceeding," or "concerning any court proceeding" in or out of term time. It will be noticed that these statutes do not in any way, in terms, relate to the entry of writs, or change by any direct expression the rule in *Searles* v. *Hardy*. That rule is, to state it again, that a writ without attachment or service cannot be entered. It necessarily follows that if entered improperly, the court gets no jurisdiction to order notice, and if notice is ordered, the order is improvident and the notice ineffective. If that rule is to be regarded as changed by these statutes, it must be

by construction, and not by expression. We think the rule is not changed. We think that the power of the court to order notice on writs does not extend to writs which are not properly in court, as writs on which no service has been made, and no property attached. While for some purposes, a writ is said to be pending from the time it is made with an intention of service, yet if it is not served, and if no attachment is made, it is no longer pending, and is not in court. There are indeed many civil proceedings where the cause is not in court when an order of notice is granted. The party is seeking to get into court. Such are petitions for a review, petitions for leave to take or enter a probate appeal, and many others. *Sproul* v. *Randall,* 107 Maine, 274. These are not writs sued out of court.

But the plaintiff seeks to differentiate writs of review from other writs, and argues that even if the rule in *Searles* v. *Hardy* still applies to ordinary writs, sued out without leave of court, it does not apply to writs of review, which he says are special writs, and which can be issued only on previous authority had from the court. A writ of review like other writs is sued out of court, under the seal of the court, with the teste of a Justice of the court. The statute requires that it contain a summons to the defendant to appear and answer. And it must be served. We can think of no ground on which such a writ, which must be served "as other writs," can be taken out of the category of writs in general, as to service and entry, unless it can be deemed to be a part of previous proceedings, as the original writ or the petition for a review, and that those proceedings in some way are still in court. If such were the case, it might perhaps be argued that the court retained jurisdiction, and could order notice in the new proceeding. But such an argument would seem to be counter to the provisions of the statute that the defendant be summoned to appear and answer, and that the writ be served. It was said in *Bradstreet* v. *Partridge,* 59 Maine, 155, that a writ of review is a "new and independent action," and "is to be regarded as the foundation of the action, and the case is to be entered, heard and determined on that writ." Judgment was rendered in the original suit. The parties were then out of court. The petition for a review did not disturb the judgment. The granting of

the petition did not disturb it. It remained in full force as a judgment, though execution might be stayed. If the plaintiff in review is successful he obtains a judgment which may be set-off against the old judgment, or if that has been paid, the new judgment stands and is to be collected as any original judgment may be. R. S., ch. 91, sects. 11 and 12; *Bradstreet* v. *Partridge,* supra. And as in the case of the original judgment, the case is finished and the parties out of court before review can be sought, so the petition for a review must be ended in a final judgment, and the parties be again out of court, before a writ of review can be issued. *Bradstreet* v. *Partridge,* supra. Then the defendant is to be summoned to appear and answer to the new writ. We cannot help concluding that the statute makes it what the court has called it a new and independent proceeding, to be begun and proceeded with according to the provisions of the statute which affords the remedy.

But even if a writ of review were to be regarded as supplemental to and a continuance of the original action, as is suggested in *Jackson* v. *Gould,* 74 Maine, 564, the case is in no better plight for the plaintiff, for it was held in that case that the review can be sustained only in accordance with the statute creating it, or some other statute applicable. Upon the whole we can perceive no good ground for saying that the statute does not mean just what it says, namely, that the writ of review is to be "served as other writs," that is, in the present particular, served before entry. There is no provision for entry without service. If not served, it cannot properly be entered, and the court has no authority to order notice.

It is urged in argument that a review is essentially an equitable proceeding, and that technical rules should not obtain. Whatever may be said of the petition for a review, the review when granted is a strict legal remedy regulated by statute, and the requirement for service is not a technical rule, but a plain statutory provision, as we understand it. The statute, we think, requires service before entry, even in case of a non-resident defendant, for it provides that service in such case may be made on the defendant's attorney in the original suit. And to the suggestion that there may be cases where the review may not be granted in season to have service of the writ made for the next term, it is only necessary to say that the statute permits an entry at the second term by leave of court, a

leave which would never be refused in such a case. R. S., ch. 91, sect. 7. *Look* v. *Ramsdell,* 68 Maine, 479.

In this case, the writ not having been served before entry "as other writs" without attachment, the motion to dismiss should have been granted.

*Exceptions sustained.*
*Writ of review dismissed.*