## EL RENO MUT. FIRE INS. CO. v. SUTTON.

No. 3147.   Opinion Filed December 23, 1913.

(137 Pac. 700.)

1.  **JUDGMENT — Vacation—Fraud—Perjury.**   The obtaining of a judgment by willful and corrupt perjury is obtaining it by fraud within the meaning of subdivision 4, sec. 2567, Rev. Laws 1910.

2.  **SAME.** _While the weight of authority seems to be to the effect that a court of equity will not arrest the execution of a judgment founded upon false testimony which was considered and passed on by the trial court in the case in which the judgment complained of was rendered, yet in this state the rule is that the intentional production of false testimony will, in a proper case, justify the annulment of a judgment rendered on account of such testimony.

3.  **SAME.**   Where the unsuccessful party has been prevented from exhibiting fully his case by fraud and perjury practiced on him by his opponent, and it is clear that by reason of such fraud and perjury there has never been a real contest in the trial or hearing of the case, a court of equity may set aside the judgment thus rendered, and grant a new trial.

4.  **SAME—Grounds.**   Before a court of equity will interfere with a judgment rendered on perjured testimony, and order a new trial, it must be made to appear that the injured party has used due diligence in presenting the matter to the court, and that he is clearly entitled to the relief sought; that the question presented has never been litigated in any court on account of the perjury complained of, and that but for the perjury the question raised would have been fully presented and adjudicated at the former trial; that the question of perjury complained of could not have been litigated at the former trial by the use of due diligence; that the relief sought could not have been obtained by motion or other plea in the action where the judgment was rendered; and that a full and meritorious defense to the action is pleaded, which, on account of the perjury complained of, could not have been presented in the former trial.

(Syllabus by Robertson, C.)

*Error from District Court, Washita County;*
*James R. Tolbert, Judge.*

Action by the El Reno Mutual Fire Insurance Company, a corporation, against Mrs. S. E. Sutton to vacate a judgment. Judgment for defendant on demurrer, and plaintiff brings error. Reversed and remanded.

*Will H. Chappell* and *Brett & Rice,* for plaintiff in error.

*T. A. Edwards,* for defendant in error.

Opinion by ROBERTSON, C. The defendant, Mrs. S. E. Sutton, on the 12th day of February, 1908, in the district court of Washita county, recovered a judgment against the Oklahoma Farmers' Mutual Indemnity Association, now the El Reno Mutual Fire Insurance Company, plaintiff herein, in the sum of $825, on a fire insurance policy. On the 8th day of February, 1909, the defendant in that case took an appeal to the Supreme Court, where, in February, 1911, the said judgment was affirmed (27 Okla. 450, 112 Pac. 996) and the mandate of the court duly issued and filed in the office of the district clerk of Washita county.

On February 8, 1911, plaintiff filed its petition in equity against the defendant in the district court of Washita county, and sought thereby to set aside and vacate the judgment above referred to, on the grounds that the same had been obtained by fraud practiced by Mrs. S. E. Sutton, the prevailing party, in obtaining the rendition of said judgment, in that the said Mrs. S. E. Sutton committed willful, corrupt perjury in the giving of testimony at the trial of the cause upon a material fact involved in said cause, and that she fraudulently, and for the purpose of deceiving the court and jury, prior to the giving of said testimony, had removed all the goods testified to by her as having been destroyed by fire out of the jurisdiction of the court, and out of the state of Oklahoma, and concealed the same, with the fraudulent purpose and intent of deceiving the court and jury, and to wrongfully recover the judgment sought to be set aside. On the same day notice was served on defendant to the effect that on the 14th day of February plaintiff in error would make application for an injunction enjoining defendant in error from enforcing said judgment until trial of said cause. On June 13, 1911, defendant filed her demurrer to plaintiff's petition. On June 15, 1911, plaintiff and defendant stipulated in writing that plaintiff might amend its petition instanter by attaching thereto copies of the petition, answer, and reply filed in the original cause, wherein the judgment sought to be set aside was rendered, and defendant

thereupon refiled her demurrer to said petition so amended. The demurrer to said amended petition contains three grounds, the consideration of the first two being rendered unnecessary by the admission on the part of defendant that the matters sought to be raised thereby were not such questions as could be reached by demurrer, hence the only ground of demurrer with which we need concern ourselves at this time is the third, which is: "That said petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant." This demurrer, coming on to be heard, was by the court sustained, and plaintiff, refusing to plead, elected to and did stand upon said demurrer, whereupon the court dismissed its petition, and entered judgment in favor of the defendant for her costs, to which action of the court the plaintiff excepted, and brings this appeal by transcript of the record to reverse the same.

A consideration of this question requires an examination of the petition. Its material allegations, in substance, are as follows: That the judgment sought to be set aside was obtained by the fraud of Mrs. Sutton, the prevailing party; that she swore falsely on February 12, 1908, at the trial of said cause that the goods insured were all destroyed by fire on April 12, 1907, when in truth and fact said goods were not destroyed by fire, but had been removed out of the state of Oklahoma, and were then concealed in various places in the territory of New Mexico; that these facts were all well known to her, and were unknown to plaintiff, and the court, and jury at the time of the trial; that said facts were material, and, had the court and jury known the truth, the verdict and judgment would have been for the defendant in said trial; that none of said goods were destroyed as alleged, and plaintiff was not liable to pay for same; that said judgment thereby was wrongfully and fraudulently recovered against the insurance company by said false testimony; that said company had no means, at the time of the trial, of ascertaining that the said property had not been destroyed by fire, although it made diligent search by and through its adjuster in that behalf; that on or about April 23, 1909, said insurance company discovered that said goods had not been destroyed by fire, but were then in

the territory of New Mexico; that immediately upon receipt of such information the said insurance company caused search warrants to be issued and served in New Mexico, and discovered said goods so charged to have been burned, and found the same, and returned them to the state of Oklahoma, and into the jurisdiction of the district court of Washita county, and stored them in the courthouse in said county; that thereafter on the 20th day of June, 1909, the courthouse in said county was burned, together with all the said goods found by said insurance company, which were the property of Mrs. Sutton; that, by reason of the fact of an appeal to the Supreme Court on the judgment complained of, the insurance company was unable to bring its action to set said judgment aside prior to the time of filing the instant case; that the insurance company has at all times exercised due diligence in defending said suit, in searching for said goods, in prosecuting an appeal from said judgment, and in bringing this action to vacate said judgment; that it has a full and complete defense (setting same out in full) ; and that it has no adequate remedy at law, etc.

This action is brought under the provisions of subdivision 4 of section 6094, Comp. Laws of 1909 (section 5267, Rev. Laws 1910), which reads as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. * * * Fourth: For fraud, practiced by the successful party, in obtaining the judgment or order."

The foregoing section is a literal copy of section 568 of the Kansas Code of Civil Procedure, and was adopted by this jurisdiction in 1893. It has been frequently held (*Glazier v. Heneybuss,* 19 Okla. 316, 91 Pac. 872; *Barnes v. Lynch,* 9 Okla. 156, 59 Pac. 995; *Farmers' State Bank v. Stephenson,* 23 Okla. 695, 102 Pac. 992; *Fort Produce Co. v. S. W. Grain & Prod. Co.,* 26 Okla. 13, 108 Pac. 386) that the construction placed upon an adopted statute by the Supreme Court of the state from which it is taken carries with it that construction as a part of the statute thus adopted; and therefore the construction placed upon this section of the Code of Civil Procedure by the Supreme Court

of Kansas prior to the adoption by the territory of Oklahoma came with and was a part of the statute, and such construction is binding upon us. This being true, counsel for the insurance company insists that the question in this case must be decided in its favor, and cites, in support of its contention, the case of *Laithe v. McDonald,* 12 Kan. 340, where it is said:

"Where direct issues of fact are joined upon proper pleadings, and the defendant uses reasonable diligence to be ready to defend the action, but is absent from the trial, and the plaintiff, who is the only witness who testifies at the trial, obtains a judgment by means of his own willful and corrupt perjury, the defendant may have the judgment vacated, and a new trial granted, under the fourth subdivision of section 568 of the Code, 'for fraud practiced by the successful party in obtaining the judgment.'"

This holding of the court was approved in *Green v. Bulkley,* 23 Kan. 136, in the following language:

"By the provisions of section 568 of the Civil Code, if the judgment was obtained by perjury, and diligence is shown, the defendant can obtain a vacation of it," etc.

The Supreme Court of Oklahoma Territory, in *Provine v. Lovi,* 6 Okla. 94, 50 Pac. 81, while not passing directly on this question, said, in considering the same:

"In a proceeding to vacate a judgment against a defendant for fraud practiced by the plaintiff in obtaining it, the petition must set forth the judgment complained of, and must also fully state the facts constituting the defense. Unless the facts stated show an existing, valid, and meritorious defense, the petition is fatally defective."

—and quoted with approval from *Laithe v. McDonald, supra,* as follows:

"In *Laithe v. McDonald,* 12 Kan. 340, the court vacated a judgment for fraud practiced by the prevailing party, because the party who obtained the judgment committed willful and corrupt perjury, thereby recovering a judgment for $5,686, when in fact he ought to have obtained a judgment for but $1,800. However, the court did not place its decision upon the ground that it should be vacated because of *excessive damages, but placed it squarely upon the fact that the prevailing party had committed willful and corrupt perjury in obtaining the judgment* [italics ours], and

El Reno Mut. Fire Ins. Co. v. Sutton.

upon the further ground that it clearly appeared that a new trial would relieve against a large portion of this judgment."

In *Publishing House, etc., v. Heyl,* 61 Kan. 635, 60 Pac. 317, it was said:

"Judgments fraudulently obtained may be enjoined and vacated in courts of equity; but the assistance of equity may not be invoked to correct errors of law occurring in the course of judicial proceedings."

Section 602 of the Nebraska Code of Civil Procedure provides, "that a district court shall have power to vacate a judgment rendered * * * for fraud practiced by the successful party in obtaining the judgment." This statute was under consideration in *Munro v. Callahan,* 55 Neb. 75, 75 N. W. 151, 70 Am. St. Rep. 366, wherein the court says:

"Certainly the obtaining of a judgment by willful and corrupt perjury is obtaining it by fraud, within the meaning of this section of the Code."

And it was there held that a district court has power to vacate a judgment rendered by it after the term at which it was rendered for fraud practiced by the successful party in obtaining the judgment. The court said the cases were not numerous in which a judgment had been vacated, and the defeated party granted a new trial, on the ground that the judgment was obtained by the perjury of the successful party; but this was perhaps because, from the very nature of the case, the existence of the fraud or perjury could not be established otherwise than by trying anew the issue tried and determined in the action in which the new trial was sought, and that neither the equity rule nor the Code authorized the vacation of the judgment after the term at which it was rendered, and granting a defeated party a new trial for fraud practiced upon him, save where the fraud was practiced in connection with the trial.

While in *Secord v. Powers,* 61 Neb. 615, 85 N. W. 846, 87 Am. St. Rep. 474, it was held that, while the weight of authority doubtless was to the effect that a court of equity would not arrest the execution of a judgment founded upon false testimony *which was considered and passed upon by the court or jury in the case in which the judgment complained of was entered, yet*

*in Nebraska the rule followed is that the intentional production of false testimony would, in a proper case, justify the annullment of a judgment rendered on account of such false testimony.* The court added that it was not the policy of the law, however, to encourage such actions, that there must be an end to litigation, and that a party could not be permitted to experiment with his case at the expense of the public, etc.

In *Miller v. Miller,* 69 Neb. 441, 95 N. W. 1010, it is said to be the settled rule in Nebraska, under the statute above quoted, that a judgment clearly shown to have been obtained by fraud or false testimony, which it would be against conscience to enforce, will, on application of the unsuccessful party and a showing of due diligence, be vacated.

In *Baldwin v. Sheets,* 39 Ohio St. 624, it was held that a petition alleging that defendants entered into a conspiracy to, and did, testify falsely, and thereby obtained the judgment, the evidence to sustain such allegation having been discovered since the trial, was sufficient, under a statute identical with the one under consideration.

The cases on the subject are not in accord, and it is difficult to deduce a plain and well-supported rule with reference thereto; but this much may, we think, be said to be fairly established, *i. e.*:

"Wherever an issue exists in any action or proceeding, each of the parties should anticipate that his adversary will offer evidence to support his side of it, and should be prepared to meet such evidence with counterproof. Where he has an opportunity to do this, and does not avail himself of it, or, though availing himself of it, is unable to overcome the effect upon the court or jury of the evidence offered by his adversary, he cannot, in effect, obtain a retrial of the issue before another tribunal by charging that the judgment against him was procured by perjury, and this has been held to continue to be the rule, notwithstanding the existence of a statute authorizing actions to set aside judgments obtained by means of perjury or subornation of perjury." (2 Freeman on Judgments [4th Ed.] sec. 489.)

In *United States v. Throckmorton,* 98 U. S. 61, 25 L. Ed. 93, the rule is stated as follows:

"Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, * * * these and similar cases which show that there has never been a real contest in the trial or hearing of the case are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing."

In the case at bar it is clearly shown by the petition, and admitted by the demurrer, that not only the allegations of Mrs. Sutton's petition, but the testimony in the suit upon the insurance policy were false and untrue, and were known by her to be false and untrue, and were made by her for the sole and express purpose of defrauding the insurance company; that the latter did not know of the falsity of the allegations of said petition nor of the testimony until after the rendition of the judgment, and after the time for the presentation of the same to the trial court by motion for new trial had elapsed. The fraud, in our opinion, was extrinsic and collateral acts not involving the merits of the case as shown by the pleadings, and which was not an issue inquired about in the original case.

The property was not burned, as she alleged in her petition, but, on the contrary, had been, by her, carried out of the jurisdiction of the court for the express purpose of defrauding the insurance company, and she, knowing the same had not been burned, charged in her petition, and testified in support thereof, that the same had been burned. The insurance company was in complete ignorance of the fact that the goods had not been burned; neither did it know that plaintiff had shipped them out of the state, but, relying on the allegations of plaintiff's petition, prepared and presented a defense on a wholly different theory, and sought only to minimize the amount of a legitimate loss. Hence it follows that there has never been a real contest in the trial or hearing of the case, and that the fraud charged by the insurance company as having been perpetrated by Mrs. Sutton was wholly extrinsic and collateral to the matter involved in the original trial, and that but for such fraud she could not have recovered in any event.

We are not unmindful of the general rule that a final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony, for, if this can be done once, it could be done again and again *ad infinitum*. *Pico v. Cohn*, 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159; *Plaster Co. v. Blue Township*, 81 Kan. 730, 106 Pac. 1079, 25 L. R. A. (N. S.) 1237. Nor will relief be granted in equity, unless the fraud complained of is extrinsic to the matter tried in the primary suit. *U. S. v. Throckmorton, supra; U. S. v. Gleason* (C. C.) 78 Fed. 396; *Bailey v. Willeford*, 69 C. C. A. 226, 136 Fed. 382; *U. S. v. Beebe*, 180 U. S. 343, 21 Sup. Ct. 371, 45 L. Ed. 563; *Graver v. Faurot*, 22 C. C. A. 156, 76 Fed. 257; *Vance v. Burbank*, 101 U. S. 514, 25 L. Ed. 929; *Nelson v. Meehan*, 155 Fed. 1, 83 C. C. A. 597, 12 L. R. A. (N. S.) 374; *Bleakley v. Barclay*, 75 Kan. 462, 89 Pac. 906, 10 L. R. A. (N. S.) 230. But, as has been pointed out, this case does not come within that rule; but the fraud here complained of is extrinsic to the issue tried in the court below.

There seems to be considerable confusion among the cases as to just how far the courts are justified in going in the granting of the relief prayed for, under the subdivision of the section of the statute relied upon herein. This confusion is due to the fact that no hard and fast rule can be safely enunciated that will fit all cases; each case must, to a marked degree, depend upon its own facts and circumstances, and the granting or refusal to grant relief in such cases is largely a matter of discretion which will seldom be interfered with on appeal.

As one of the general rules governing the subject, however, it may be safely said that no relief should be granted where the matter upon which the claim to relief is founded was litigated in the original action, or where the matter might have been litigated at the former trial by the exercise of due diligence, or where it could have been obtained upon motion in the court which rendered the judgment, unless it appears that the relief sought is in aid of a meritorious claim or defense. In the case under consideration all the foregoing reasons combine in the demand for a new trial.

The plaintiff has used due diligence in presenting this matter to the court, and it is clearly evident that it is entitled to the relief, because, first, the question presented has never been litigated in any court, on account of the perjury of the defendant, and but for the perjury the question of the loss of the property would have been fully presented and adjudicated at the former trial; second, the question of the perjury of the defendant in the former trial could not have been litigated at the trial by the use of due diligence; third, the relief sought could not have been obtained (owing to lapse of time) by motion or other plea in the action in which the judgment was rendered; fourth, a full and meritorious defense to the action is pleaded, which, on account of the perjury complained of, could not have been presented to the court in the former trial.

To refuse the relief prayed for, and to which plaintiff in error is justly entitled, would be a perversion of justice—a reward on perjury and rascality, and against public morals and good conscience. In such a case this court will not hesitate. The demurrer should have been overruled, and, for the error complained of, the judgment should be reversed, and the cause remanded for further proceedings. .    .

By the Court: It is so ordered.