**MARTIN et al. v. SHEELY et al.**

No. A–4223.

District Court, Alaska.

Third Division, Anchorage.

Oct. 7, 1946.

J. L. McCarrey, Jr., of Anchorage, Alaska, for petitioners.

No appearance for defendants.

DIMOND, Justice.

The petitioners have filed herein a "Petition for Bill of Review." Review is sought of an action, No. A–2827 of this Court, wherein the petitioners herein named were defendants, and the defendants herein named were plaintiffs. That cause, No. A–2827, was duly tried, all the parties being represented by counsel, was argued and submitted, opinion was given (10 Alaska 331), and judgment rendered. Appeal was taken to the United States Circuit Court of Appeals for the Ninth Circuit, where the judgment of the District Court was affirmed. The opinion of the Appellate Court appears in 144 F.2d 754, 10 Alaska 437.

The petition for review is based upon averments of (a) newly discovered evidence, (b) perjury committed by a witness or witnesses testifying on behalf of the plaintiffs in the original action, and (c) error of both the District Court and the Appellate Court in rendering and in affirming the judgment now challenged. On the ground last mentioned, Paragraph VI of the petition contains the following:

"It is plain that the former lower Court, as well as the United States Circuit Court of Appeals gave little attention to the facts of the case or the law applicable thereto when the lower Court's judgment was sustained—a judgment based upon so many errors as said lower Court committed."

The petition is elaborately supported by affidavits, statement of facts, citation of authorities and copies of many of the pleadings and papers in the former case, including the findings of fact, conclusions of law and judgment therein rendered, the motion for new trial, and the briefs upon that motion submitted by counsel for the respective parties and filed.

This case as herein presented appears to be of first impression in this jurisdiction. Review is a statutory remedy unknown to the common law. 54 C.J. page 748. That it is not an equitable proceeding but a strict legal remedy is indicated by McDonough v. Blossom, 111 Me. 66, 88 A. 89; but the Supreme Judicial Court of Massachusetts evidently has entertained a somewhat different view, as reported in Burrell v. Burrell, 10 Mass. 221. Neither the research of counsel nor such inquiry as the Court has been able to undertake has brought to light any judicial opinion on the subject except from the states of Maine, New Hampshire, Vermont and Massachusetts, and it appears that the proceeding for review in those four states are all authorized by express statutes.

The laws of Alaska make no provision for such a form of action or proceeding. The Courts of Alaska, as respects procedure, are limited by our own "elaborate and circumstantial" code, plus the rules of the common law. Summers v. United States, 231 U.S. 92, 101, 34 S.Ct. 38, 40, 58 L.Ed. 137; Act March 3, 1899, 30 Stat. 1285; Act June 6, 1900, 31 Stat. 552; Sec. 3271, Compiled Laws of Alaska

690

1933. Therefore, in absence of statutory authority, review such as sought here may not be had in Alaska because neither the Alaska statutes nor the common law so authorizes, and hence the Court has no jurisdiction to entertain an action of this nature.

 Nor is the Court permitted to consider a suit in equity to vacate and annul the decree given in the former suit between the same parties on the ground that the former suit was founded upon perjured testimony. The principles of res adjudicata prevent. Ample discussion of the subject is to be found in the case of United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93, although the therein cited case of Tovey v. Young, Pr.Ch. 193, would appear to indicate that where the party has been convicted of perjury such a suit in equity may lie. Dubious in principle as that suggestion is, apparently it has had other judicial sanction. See Laithe v. McDonald, 7 Kan. 254, 7 Kan.Dass.Ed. (25 P.St.Rep.) 163; Id., 12 Kan. 340, 12 Kan.Dass.Ed. (26 P.St. Rep.) 269. The doctrine of the Throckmorton case has been generally followed in the Federal as well as many state courts. Vance v. Burbank, 101 U.S. 514, 25 L.Ed. 929; Marshall v. Holmes, 141 U. S. 589, 12 S.Ct. 62, 35 L.Ed. 870; Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L. Ed. 95; United States v. Gleeson, 2 Cir., 1898, 90 F. 778; United States v. Beebe, 1901, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; Bailey v. Willeford, 4 Cir., 1905, 136 F. 382; Friese v. Hummel, 26 Or. 145, 37 P. 458, 46 Am.St.Rep. 610; McDougall v. Walling, 21 Wash. 478; 58 P. 669, 75 Am. St.Rep. 849, and, of much consequence to Alaskan courts, Nelson v. Meehan, 9 Cir., 1907, 155 F. 1, 12 L.R.A.,N.S., 374, a case arising in Alaska. The Supreme Court of California has expressed its view as follows:

"And so the rule is that a final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony." Pico v. Cohn, 91 Cal. 129, 25 P. 970, 971, on rehearing 27 P. 537, 13 L. R.A. 336, 25 Am.St.Rep. 159.

The well established rule referred to in the case of Nelson v. Meehan, supra, to the effect that the court, during the same term at which a judgment was rendered in a suit in equity, may set aside that judgment because founded upon perjured testimony, has no application here. The term of this court at which the judgment now assailed was given has long since been adjourned sine die. The cause presently before this court for decision is a new one.

The petition must be denied.