ATCHISON, T. & S. F. RY. Co. v. SCHULTZ.

Nos. 51 and 701.　Opinion Filed July 13, 1909.

(103 Pac. 756.)

1.　APPEAL AND ERROR—Review—Discretion of Lower Court—
Vacation of Judgment. An application to vacate a judgment
under Wilson's Rev. & Ann. St. Okla. 1903, sections 4760-4763,
inclusive, is addressed to the sound legal discretion of the court,
and will not be disturbed on appeal, unless it clearly appears
that the court has abused its discretion.

2.　JUDGMENT—Vacation—Application—Valid Defense. In an ap-
plication to vacate a judgment under Wilson's Rev. & Ann. St.
Okla. 1903, sections 4760-4763, inclusive, where the petition fails
to set forth a defense to the action resulting in the judgment
sought to be vacated, petitioner being defendant in said action,
held that the court did not err in refusing to vacate said judg-
ment.

(Syllabus by the Court.)

*Error from District Court, Woods County; L. T. Wilson, Judge.*

Action by Clell Schultz against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. R. Cottingham, Charles H. Woods,* and *H. A. Noah,* for plaintiff in error.

*Paul Grove, F. M. Cowgill,* and *T. J. Womack,* for defendant in error, citing: *Marshall v. Marshall,* 7 Okla. 240; *Winn v. Frost,* 6 Okla. 89; *Schuler v. Fowler* (Kan.) 64 Pac. 1035; *Hardware Co. v. Bank,* 54 Kan. 273; *Steele v. Duncan,* 47 Kan. 511.

TURNER, J.  On February 2, 1906, Clell Schultz, defendant in error, plaintiff below, sued the Atchison, Topeka & Santa Fe Railway Company, plaintiff in error, defendant below, in the probate court of Woods county for an alleged breach of contract for a shipment of live stock, and prayed damages therefor in the sum of $642, with interest thereon from September 21, 1905, the date of said contract.  On February 23, 1906, defendant moved the court to require plaintiff to make his petition more definite and certain, and that he state whether the contract was in writing, and, if so, to attach a copy to his petition, which said motion was overruled, and defendant excepted, and on April 5, 1907, filed answer, in effect, a general denial.  On July 1, 1907, the same being the first day of the July term of said court at said place, said cause was set for trial for August 9, 1907, and on said date was tried to the court, and, defendant not appearing, judgment was rendered against it in the sum of $724.52 and costs.  On October 5, 1907, after said term had expired, defendant filed a "petition for a new trial because of accidents and surprise which, with ordinary prudence, could not have been guarded against," and in support thereof set forth, in substance: That counsel for defendant in said cause consisted of two attorneys who lived at Guthrie, and a local attorney who lived at Alva; that said local attorney had charge of said action for defendant; that none of said attorneys prior to the judgment had notice that the cause had been set for trial; that at that time said local attorney was absent from Alva and the territory, and had been for 10 days prior thereto, and until September 11, 1907; that said local attorney left Alva July 30, 1907, at which time he had an understanding with attorney for the plaintiff, neither of whom were aware that the cause was set, that if the same was set earlier than August 15th, attorney for plaintiff would take steps to inform attorneys for defendant living at Guthrie in time for one or both to attend the trial; that the same was done according to agreement, by plaintiff's attorney informing the son of said local attorney, who neglected to inform said attorneys at Guthrie, on account of which said neglect defen-

dant was without representation at said trial, and prays that the said judgment be vacated and set aside. Said petition was sworn to by said local attorney. On October 31, 1907, said petition came on to be heard, both sides appearing by counsel, whereupon the court, after hearing the testimony on both sides, denied the same, and taxed defendant with the costs of the proceedings. On November 2, 1907, defendant filed its motion for a new trial on the issues involved in said petition, which said motion was sworn to, and on proper showing, made by testimony in open court, was on November 13, 1907, sustained, whereupon a rehearing was had upon said petition of defendant for a "new trial," which the court, after hearing evidence adduced in support thereof, denied, to which defendant excepted, and brings the case here by petition in error and case-made for review.

Although this "petition for a new trial" seems to be based on the third ground for a new trial mentioned in Wilson's Rev. & Ann. St. Okla. 1903, § 4493, we are constrained to believe that, as it was filed after the term in which the judgment sought to be vacated was rendered, it was the intent of the pleader to proceed according to sections 4760 to 4763, inclusive, and to seek to set aside said judgment "for unavoidable casualty or misfortune," as provided for in the seventh subdivision of said section 4760. Especially do we think this true since proceedings under the former section can only be taken "within three days after verdict or decision was rendered," according to section 4495 of said statute. This being the case, there is little before us for review. Section 4762 provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine, of section five hundred and sixty-two, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant."

Accordingly defendant, in order to invoke the discretion of the court to vacate the judgment complained of, should not only have set forth facts in its petition sufficient to show unavoidable

casualty or misfortune, which prevented it from defending the action, as grounds to vacate the judgment, but should also have disclosed a good defense thereto. And the burden of proof was on the defendant. *Poff v. Lockridge*, 22 Okla. 462, 98 Pac. 427. The latter the petition fails to do or attempt, but simply states, in effect, as ground to vacate the judgment, that it was not informed of the day of the trial through the neglect of its own agents. This was manifestly insufficient. Had this in the judgment of the court been regarded as sufficient grounds to vacate the judgment, the court would not have been justified in making the order to that effect until it had first determined the validity of the proposed defense to the action. Section 4763 provides:

"The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action."

But had the petition on its face disclosed such valid defense, since the testimony adduced at the hearing is not brought up, it is impossible for us to say that the trial court abused its discretion in failing to vacate the judgment on the showing made. Such abuse of discretion must clearly appear before we can reverse the disposition of the application made by the trial court, 17 Am. & Eng. Enc. of Law says:

"Whether an application for the opening or vacation of a judgment shall be granted or refused is a matter resting in the sound legal discretion of the court to which it is addressed. And while the action of the court in the premises may be reviewed on appeal, and, when the justice of the case so requires, reversed, its disposition of the application will not be disturbed unless it clearly appears that this discretion has been abused"—
and cases cited.

Also *Poff v. Lockridge, supra.* Since, therefore, we are of the opinion that the proceedings were so defective as to be on their face insufficient to invoke the discretion of the court, we cannot say that the court abused the discretion in refusing to vacate this judgment complained of.

It is next, in effect, contended that, as the judgment sought

to be vacated was rendered August 9, 1907, the same was *coram non judice,* for the reason that said probate court had adjourned its July term on July 1st next prior thereto.  In aid of this contention the court's writ of certiorari was invoked by plaintiff in error, and the records of said court brought up showing the entire docket entries of that term.  We have examined those entries, and find that they disclose said court to have been only opened on July 1st for the July term, but do not find that the same was on the same day adjourned for the term, or any intimation to that effect.  It is next insisted that on August 7, 1907, said court did "specifically, and in so many words, adjourn the term."  We do not gather such intent from the entry of that day, which is as follows:

"August 7.—9 a. m.  Court convened case of Territory v. Rollie Hill being called and defendant change his plea to one of guilty, whereupon court adjourned until 9 a. m. on the docket for the day being exhausted."

That this meant 9 a. m. on the day following is gathered from the judgment entry in the case of Lambert v. Burton, which is entered as of that date, following which is the judgment entry in this case, which after the style of the cause in part recites:

"Now on this the 9th day of August, 1907, the same being one of the judicial days of the regular July, 1907, term of the probate court of Woods County, Oklahoma Territory,"
showing conclusively to our minds that said court convened on July 1st, and continued in regular term until after the judgment in question was entered.  We deem it unnecessary to notice other assignments of error.

Finding no error in the record, the judgment of the lower court is affirmed.

All the Justices concur.