## THIGPEN v. DEUTSCH et al.

No. 7434—Opinion Filed July 24, 1917.

(166 Pac. 901.)

### Judgment—Vacation—Fraud.

False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues.

(Syllabus by Pryor, C.)

Error from District Court, Wagoner County; Fred P. Branson, Judge.

Action by J. H. Thigpen against Julius Deutsch and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Guy F. Nelson and Bailey, Wyand & Broaddus, for plaintiff in error.

W. W. Noffsinger and Y. P. Broome, for defendants in error.

Opinion by PRYOR, C. On the 27th day of April, 1912, Julius Deutsch, in an action pending in the district court of Wagoner county, entitled "Julius Deutsch v. J. H. Thigpen and Thos. Risby," secured a judgment against the defendants for the possession of certain lands lying in Wagoner county, Okla. On the 3d day of September, 1912, the plaintiff in error, J. H. Thigpen, commenced an action in the district court of Wagoner county to have said judgment vacated and annulled. The ground for vacating said judgment, alleged in plaintiff's petition, was that the former judgment was procured by false and perjured testimony; that the lands in controversy in the former suit were the surplus portion of the allotment of Lizzie Risby, nee White, and the only issue in said cause was whether or not the said allottee was of age when she executed certain deeds to said land to the said plaintiff therein, Julius Deutsch; that the only witness that swore positively that she was of age at the time of the execution of said deeds was William Perryman; that

his testimony was false and perjured, and that the plaintiff, Julius Deutsch, procured him to swear falsely at said trial as to the age of said allottee, by promising that he would pay him money, and did pay him for such testimony. On issue joined the court heard the evidence, and on the 3d day of December, 1914, rendered judgment for the defendant, and plaintiff appeals.

The question for consideration here is whether or not the showing of plaintiff was sufficient to vacate and annul the judgment attacked. The first question presented for determination is a question of law, and is whether or not false and perjured testimony alone, unaccompanied by any other circumstances of fraud, is sufficient ground for a court to vacate and annul a judgment. It is well settled by the authorities, almost universally, that when the false or perjured testimony complained of was given at the trial on an issue that was tried out by the court that rendered the judgment attacked, and is not false and perjured testimony concerning some extraneous fraud practiced by the prevailing party, which prevented the other from having a trial of the issue, such false and perjured testimony is not sufficient alone to warrant a court to interfere and set aside or annul a judgment rendered on such false and perjured testimony. Brown v. Trent, 36 Okla. 239, 128 Pac. 895; El Reno Mut. Ins. Co. v. Sutton, 41 Okla. 297 (and numerous authorities cited on page 305), 137 Pac. 700, 50 L. R. A. (N. S.) 1064; Electric Plaster Co. v. Blue Rapids Twp., 81 Kan. 732, 106 Pac. 1079, 25 L. R. A. (N. S.) 1237; Graves v. Graves, 132 Iowa, 199, 109 N. W. 707, 10 L. R. A. (N. S.) 216 (and important note where numerous authorities on this point are collected), 10 Ann. Cas. 1104; U. S. v. Throckmorton, 98 U S. 61, 25 L. Ed. 93.

The main issue, and the only issue, as disclosed by the pleadings in the former trial, was the age of the allottee, and on which issue both sides introduced their testimony, and the alleged false and perjured testimony complained of, being strictly confined to this issue, brings this case squarely within the law as laid down by the above authorities. A careful examination of the record discloses that the evidence on the hearing to vacate said judgment, wherein it differed from the evidence produced at the former trial, was only cumulative. The showing being confined exclusively to an issue that was tried, and not concerning extrinsic fraud practiced by the successful party, which prevented the plaintiff from having a trial of such issue, the showing was insufficient to vacate and annul said judgment. Parties must expect and anticipate false and perjured testimony as to the issues tried, and be prepared to meet the same, and, if this is not done, it is too late to complain. False and perjured testimony to prove an issue in a cause can be anticipated by either party before the trial of such issue, and preparation can be made to meet it. The law does not permit the parties, by charges and countercharges of perjury and false swearing, to prolong their litigation indefinitely. The proceeding in this cause was simply a retrial of the issues in the former trial.

There being no reversible error, the judgment of the lower court should be affirmed.

By the Court: It is so ordered.