## DOUGLAS, Adm'r, v. HOYLE.

No. 15927—Opinion Filed Nov. 3, 1925.

**Judgment—Setting Aside for Extraneous Fraud—Perjury.**

"A court of equity will not set aside a judgment on the ground that judgment was procured by false testimony of the prevailing party on material questions which were at issue in said cause and were tried and determined by the trial court, except where the false and perjured testimony concerns some extraneous fraud practiced by the prevailing party." Clinton et al. v. Miller et ux., 96 Okla. 71, 216 Pac. 135.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by R. L. Douglas, administrator of the estate of B. T. Douglas, deceased, against Delia Hoyle to set aside a judgment on the ground of perjury. From an order sustaining a demurrer and dismissing the cause of action, plaintiff has appealed. Affirmed.

R. P. DeGraffenried, for plaintiff in error.

Jay A. Anderson, for defendant in error.

Opinion by THREADGILL C. This action was brought for the purpose of setting aside a judgment on the ground of perjury. Plaintiff alleges that defendant obtained a judgment against him as administrator about September 27, 1923, for the sum of $500 on perjured testimony. The facts were substantially as follows: B. T. Douglas was the father of defendant, Delia Hoyle, and after his death, which occurred October 22, 1921, she presented claims to the administrator for nursing and taking care of him from April 1 to August 1, 1921, and from August 1 to October 22, 1921. The first claim was for $315 and the second for $410. The claim being disallowed, she brought suit on the same. She alleged in her petition that the decedent was sick and she nursed him from April 1 to August 1, 1921, and the reasonable value of her services was $315; and she further stated that he was sick from August 1 to October 22, 1921, and she gave all of her time, night and day, in nursing and taking care of him until he died, and the reasonable value of the services so rendered was $410. The administrator, by answer, joined issue on these facts and the cause went to trial before a jury. The plaintiff gave her testimony in the trial, and stated the facts to be as alleged in her petition as above set out, and after hearing all the evidence and being instructed by the court, the jury rendered a verdict for her in the sum of $500. Defendant filed a motion for a new trial, which was overruled and time given for preparing and serving a case-made, but no case-made was ever prepared and no appeal per-

fected, and no good reason for the failure is given. Thereafter, about August 18, 1924, defendant in that action, and plaintiff here, brought this action against Delia Hoyle, who was plaintiff in that action and defendant here, and stated that said Delia Hoyle obtained said judgment on perjured testimony; that the perjured testimony consisted of telling the jury that her father, B. T. Douglas, was ill from April 1st to October 22nd, and that she nursed him, and that she bought grape juice for him every day from August 1st until he died, and that her services in nursing him were reasonably worth the amount stated in her petition; and upon these facts stated, plaintiff prays that said judgment be set aside. Defendant demurred to the petition on the ground that same did not state facts sufficient to set aside the judgment complained of. The court sustained the demurrer, and plaintiff refused to plead further, and the court dismissed the action, and plaintiff has appealed by petition in error and transcript of the record asking for a reversal. Plaintiff urges but one assignment of error, and that is, that the perjured testimony by which the judgment was obtained is sufficient ground for an action to set the judgment aside, and cites the case of El Reno Mutual Fire Insurance Co. v. Sutton, 41 Okla. 297, 137 Pac. 700, in support of his contention.

It will be observed that the El Reno Mutual Fire Insurance Company based its action upon facts of perjury that are not presented by the issues out of which the judgment resulted. The action was by Mrs. Sutton on a fire insurance policy, and she testified that the goods were destroyed by the fire, when, as a mater of fact, she had shipped them out of Oklahoma and into New Mexico, and had concealed them there, and the fire insurance company did not learn of this fact until after the judgment was had and after she had given her testimony that her goods were destroyed by the fire. The court held that this perjury was sufficient ground to set the judgment aside and stated the rule as follows:

"Where the unsuccessful party has been prevented from exhibiting fully his case by fraud and perjury practiced on him by his opponent, and it is clear that by reason of such fraud and perjury there has never been a real contest in the trial or hearing of the case, a court of equity may set aside the judgment thus rendered, and grant a new trial."

But this case and the rule laid down cannot be applied to the facts of the case at bar, because the facts testified to by Delia Hoyle, and complained of as perjury by plaintiff, were facts pleaded in that action, and there are no facts stated by plaintiff tending to show that defendant in that action was prevented from contesting every fact testified to by Delia Hoyle. The rule applicable to the state of facts we have here is stated in Clinton v. Miller, 96 Okla. 71, 216 Pac. 135, as follows:

"A court of equity will not set aside a judgment on the ground that judgment was procured by false testimony of the prevailing party on material questions which were at issue in said cause and were tried and determined by the trial court, except where the false and perjured testimony concerns some extraneous fraud practiced by the prevailing party."

We are therefore of the opinion that the court committed no error in sustaining the demurrer of defendant to plaintiff's petition and in dismissing the cause of action, and the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 475, §744.