## VACUUM OIL CO. v. BRETT.

No. 19416. Opinion Filed April 21, 1931.

Rehearing Denied June 30, 1931.

Frank T. McCoy, William M. Taylor, and John T. Craig, for plaintiff in error.

Holcombe, Lohman & Barney and Maris & Maris, for defendant in error.

ANDREWS, J. The plaintiff in error instituted a suit in the district court of Osage county against the defendant in error and Orville H. Parker and Paul Parker. The action was to recover on a series of promissory notes signed by the two Parkers and on a written contract of guaranty signed by the defendant in error. The parties herein will hereinafter be referred to as plaintiff and defendant.

The defendant filed a verified general denial. In due course the cause was called for trial, the defendants therein defaulted, and judgment was rendered for the plaintiff on the 26th day of November, 1924, against the defendant for the amount of the notes given as evidence of the purchase price of the goods sold to the two Parkers, interest thereon, attorney's fees in the sum of $350, and costs.

On July 25, 1925, the defendant filed his petition to vacate the judgment. Thereafter an amended petition to vacate the judgment was filed. The plaintiff filed an answer ques-

tioning the jurisdiction and making a general denial of the allegations of the defendant's amended petition. The issue was tried to the court on December 6, 1927, and on that date the judgment was rendered by the trial court in favor of the defendant and against the plaintiff vacating the judgment. From that judgment an appeal was taken to this court.

The record shows that the written contract of guaranty on which the defendant was sued by the plaintiff was pleaded in the petition. Its execution was denied by the verified general denial of the defendant. The instrument was offered in evidence and the judgment against the defendant was based thereon.

It is contended by the defendant that his default at the trial in the first instance was occasioned by failure of the court clerk to notify his attorney of the setting of the case for trial; that the written contract of guaranty was never executed by him and was and is a forgery; that he had a valid defense to the action and that he would have testified, had he been present, that he did not sign the written contract of guaranty. There was a further contention of newly discovered evidence.

The first proposition presented is whether or not, under subdivision 4, section 810, O. O. S. 1921, this judgment could have been vacated for fraud consisting of the introduction in evidence of the forged instrument and perjured testimony of the execution thereof.

The defendant relies on the decisions in two cases: Laithe v. McDonald, 7 Kan. 254, and El Reno Mutual Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 Pac. 700.

The Kansas case announces a rule that has never been followed in this state and is contrary to the uniform holding of this court. It is in no wise controlling.

El Reno Mutual Fire Ins. Co. v. Sutton, supra, has been repeatedly criticized by this court. It was explained in Scott v. Abraham, 60 Okla. 10, 159 Pac. 270, by pointing out that the fraud therein was extrinsic and collateral, that it did not involve the merits of the case as shown by the pleadings, and that it was not an issue inquired about in that case. It was distinguished and criticized in Missouri, K. & T. Ry. Co. v. Taylor, 69 Okla. 79, 170 Pac. 1148, in which it was said:

"Even if we concede, for our present purpose, that the rule announced in that decision is good law, it has no application to the case before us."

In Thigpen v. Deutsch, 66 Okla. 19, 166 Pac. 901, it was held:

"False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues."

That was the holding in O'Brien v. Van Arsdale-Osborne Brokerage Co., 80 Okla. 174, 194 Pac. 1083. Therein this court said:

"The cases of El Reno Mutual Fire Insurance Co. v. Sutton, 41 Okla. 297, 137 Pac. 700; Laithe v. McDonald, 7 Kan. 254; and Davis v. Jones (Tex. Civ. App.) 149 S. W. 727; are cited in support of plaintiffs in error's contention, but El Reno Mutual Fire Insurance Co. v. Sutton, supra, is distinguished by this court in Scott v. Abraham, supra, and likewise Laithe v. McDonald, supra, is distinguished in note on page 166 of 25 Am. St. Rep.

"It is our opinion that the facts alleged in the petition herein are not sufficient to bring it within the apparent limitation of the general rule as announced in El Reno Mutual Fire Insurance Co. v. Sutton, supra, but that this case comes completely within the general rule."

In Clinton v. Miller, 96 Okla. 71, 216 Pac. 135, this court refused to follow the decision, and said:

"That case presents an entirely different state of facts from the case at bar, because the fraud of the plaintiff in removing from the state the goods which were covered by the fire insurance policy and in preparing the physical evidence of a loss by fire were matters extrinsic of the issues in the case, and prevented the insurance company from having a real contest on the merits of the case; in other words, the false testimony was as to an extraneous fraud practiced by the prevailing party which prevented the other from having a trial of the issue."

In McBride v. Cowan, 90 Okla. 130, 216 Pac. 104, this court said:

"Whether such authorities constitute exceptions to the general rule conceded above by plaintiff in error, it is unnecessary to decide, but, from an examination of such authorities, we find that none of them rest upon conditions anything like identical with the conditions upon which the case at bar rests, and are therefore not controlling."

In Wood v. Wood, 92 Okla. 297, 216 Pac. 939, this court said:

"In the first place, it may be observed that if the defendant and Walter Freeman

committed perjury in the first trial, as plaintiff insists, such perjured testimony was given upon a matter directly in issue at the trial, wherein plaintiff was the aggressor, and in a case of this kind perjured testimony alone will not furnish ground for setting aside the judgment. El Reno Mutual Fire Insurance Co. v. Sutton, 41 Okla. 297, 137 Pac. 700. False evidence or perjury alone, relative to an issue tried, is not sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the judgment was rendered; it must be such fraud as to prevent the other from having a trial of the issues."

In Douglas v. Hoyle, 115 Okla. 7, 240 Pac. 1072, this court said:

"It will be observed that the El Reno Mutual Fire Insurance Company based its action upon facts of perjury that are not presented by the issues out of which the judgment resulted. * * *

"But this case and the rule laid down cannot be applied to the facts of the case at bar, because the facts testified to by Delia Hoyle, and complained of as perjury by plaintiff, were facts pleaded in that action, and there are no facts stated by plaintiff tending to show that defendant in that action was prevented from contesting every fact testified to by Delia Hoyle."

The Supreme Court of the Territory of Oklahoma, in Estes v. Timmons, 12 Okla. 537, 73 Pac. 303, announced the rule that the fraud must be extrinsic or collateral to the matter tried and not a fraud which was an issue in a former suit, following United States v. Throckmorton, 98 U. S. 61, and that has been the uniform holding of this court since that time. It was not only followed in the cases hereinbefore cited, but it was followed in Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Ross v. Groom, 90 Okla. 270, 217 Pac. 480; Wolf v. Gills, 96 Okla. 6, 219 Pac. 350; Johnson v. Furchtbar, 96 Okla. 114, 220 Pac. 612; Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453; Hensley v. Conard, 99 Okla. 173, 226 Pac. 54; Grey v. McKnight, 75 Okla. 268, 183 Pac. 489; Cherry v. Gambel, 101 Okla. 234, 224 Pac. 960, and Burton v. Swanson, 142 Okla. 134, 285 Pac. 839.

The issue submitted by the pleadings in this cause was whether or not the defendant had executed a written contract of guaranty. That issue was determined by the trial court in favor of the plaintiff. The fraud, if any, was intrinsic and not extrinsic. To permit the defendant to show that the judgment was obtained by fraud and thereby secure a vacation thereof would be to hold contrary to the line of decisions hereinabove cited and the same cannot be done.

At the conclusion of the evidence offered by the defendant in support of his petition to vacate the judgment, the plaintiff demurred thereto and offered no evidence. The evidence of defendant, therefore, must be construed in accordance with the rule of this court. A demurrer to the evidence admits all the facts which the evidence reasonably tends to establish, and all the inferences and conclusions which may reasonably be drawn therefrom. Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okla. 5, 222 Pac. 686. A petition to vacate a judgment, under section 810, C. O. S. 1921, is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused. Thompson v. Hensley, 128 Okla. 139, 261 Pac. 931. Under the rule hereinabove stated we have for consideration whether or not there was an abuse of discretion of the trial court in vacating the judgment under the facts shown by the record in this cause.

There was included an amount for attorney's fees, which is not included in the terms of the written contract of guaranty either expressly or by implication. The inclusion thereof in the judgment was wholly without authority of law. This fact, in connection with the other facts shown by the record and which were admitted by the demurrer to the evidence, makes it impossible for this court to say that the trial court abused its discretion in granting a new trial in this action. Bearman v. Bracken, 112 Okla. 237, 240 Pac. 713; Thompson v. Hensley, supra.

The judgment of the trial court vacating the judgment in favor of the plaintiff and against the defendant is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., not participating.