Kelly Brown, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Osage county sustaining a demurrer to a petition filed by the plaintiff in error to vacate a judgment theretofore rendered against it by that court.

The basis of the claim for the relief prayed for is that in the former action the defendant had prevailed upon a witness to testify falsely "by the payment of money and by making of promises of future reward." In support thereof, El Reno Mutual Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 P. 700, is cited and relied on.

The facts pleaded are more like the facts shown by the record in the case of Thigpen v. Deutsch et al., 66 Okla. 19, 166 P. 901. The rule therein stated is applicable and is applied herein.

We are not unmindful of the force of the argument presented in support of the contention made. However, the record herein shows why such a contention should not be sustained. Here a witness, under oath, in the trial of a cause, testified to certain facts. At a later date, that witness, under oath, during the taking of depositions, testified to different facts, that his former testimony was false, and that he was induced to so testify by promise of reward. Possibly at a date in the future he might testify that his first testimony was true and his second false. As stated in Thigpen v. Deutsch et al., supra:

"The law does not permit the parties, by charges and countercharges of perjury and false swearing, to prolong their litigation indefinitely."

The record shows an attempt to procure a retrial of the issue tried in the former trial, to wit, the age of the applicant for insurance.

We have fully analyzed the authorities in Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632, and we decline to depart from the rule therein stated.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, OSBORN, and BAYLESS, JJ., concur.

## OKLAHOMA UNION INSURANCE CO. v. MORGAN.

No. 23505.   Jan. 23, 1934.

Rehearing Denied March 27, 1934.

Application to File Second Petition for Rehearing Denied May 8, 1934.

William F. Collins, for plaintiff in error.

Kelly Brown, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Osage county sustaining a demurrer to a petition filed by the plaintiff in error to vacate a judgment theretofore rendered against it by that court.

The basis of the claim for the relief prayed for is that in the former action the defendant had prevailed upon a witness to testify falsely "by the payment of money and by making of promises of future reward." In support thereof, El Reno Mutual Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 P. 700, is cited and relied on.

The facts pleaded are more like the facts

shown by the record in the case of Thigpen v. Deutsch et al., 66 Okla. 19, 166 P. 901. The rule therein stated is applicable, and is applied herein.

We are not unmindful of the force of the argument presented in support of the contention made. However, the record herein shows why such a contention should not be sustained. Here a witness, under oath, in the trial of a cause, testified to certain facts. At a later date, that witness, under oath, during the taking of depositions, testified to different facts, that his former testimony was false, and that he was induced to so testify by promise of reward. Possibly at a date in the future he might testify that his first testimony was true and his second false. As stated in Thigpen v. Deutsch et al., supra:

"The law does not permit the parties, by charges and countercharges of perjury and false swearing, to prolong their litigation indefinitely."

The record shows an attempt to procure a retrial of the issue tried in the former trial, to wit, the age of the applicant for insurance.

We have fully analyzed the authorities in Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632, and we decline to depart from the rule therein stated.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and BUSBY and BAYLESS, JJ., concur.

## NATIONAL AID LIFE ASS'N v. MORGAN.

No. 20946.    Jan. 23, 1934.

Rehearing Denied May 8, 1934.

Wilson & Duncan and Snyder, Owen & Lybrand, for plaintiff in error.

Hugh C. Jones and Kelly Brown, for defendant in error.

ANDREWS, J. The plaintiff in error, as plaintiff, filed in the district court of Osage county a petition against the defendant in error as defendant, to recover certain money paid by the plaintiff to the defendant as beneficiary under an insurance policy on the life of James D. McCready, deceased. The parties appear here as they appeared in the trial court.

It was alleged in the petition that the defendant caused his father-in-law, James D. McCready, to make application to the plaintiff for a $1,000 mutual benefit certificate upon the life of James D. McCready, naming the defendant as beneficiary; that the application contained fraudulent statements in that the age of the applicant was declared to be 54 years in order to bring it within the age limit of 55 years stipulated in the application; that both the defendant and the applicant well knew that the applicant was over 55 years of age; that a fraudulent conspiracy existed between the defendant and McCready to overreach the plaintiff; that the plaintiff relied on the