## STATE ex rel. OKLAHOMA TAX COMMISSION v. SINCLAIR PRAIRIE OIL CO.

No. 24947.   Feb. 19, 1935.

Rehearing Denied April 16, 1935.

C. W. King, A. L. Herr, and L. G. Harris, for plaintiff in error.

Edward H. Chandler, Summers Hardy, Thos. F. Shea, and Wm. O. Beall, for defendant in error.

GIBSON, J. The plaintiff in error, referred to hereinafter as plaintiff, brought this action against the defendant in error, referred to hereinafter as defendant, in the district court of Garfield county to recover a gross production tax, with penalties thereon, on petroleum oil produced on certain described leases by the Exchange Oil Company, predecessor in title of the defendant, for the period of time commencing October 1, 1918, and ending December 31, 1921, and to foreclose a lien therefor upon the leases from which the oil was produced. In its petition plaintiff alleged that during the period mentioned the Exchange Oil Company had made quarter annual gross production reports to the State Auditor and had paid a tax on the oil so reported, but that the tax paid was not the true amount due to the state for the reason that it was not computed upon the true value of the reported oil; that the Exchange Oil Company had willfully, intentionally, and fraudulently concealed the true value of the oil produced and reported. Plaintiff claimed a prior lien against the leases from which the oil was produced and prayed for a foreclosure thereof.

Attached to plaintiff's petition as an exhibit thereto was a copy of an order of the Oklahoma Tax Commission dated July 20, 1932, in which it was found that the tax reported and paid by the Exchange Oil Company was insufficient in that it was not computed upon the proper value of the crude petroleum oils produced and marketed by the Exchange Oil Company during the period beginning October 1, 1918, and ending December 31, 1921, and in which it was further found that the ownership of the leases had passed to the Sinclair Prairie Oil Company, and that the tax and penalties were a lien on the properties, and it was ordered that suit be instituted to collect the tax and penalties found to be due.

To this petition, as amended, the defendant filed its demurrer, which was by the court sustained. The plaintiff having elected to stand on its petition, the trial court dismissed plaintiff's action with prejudice. From that judgment the plaintiff appealed.

To obtain reversal of the judgment of the trial court, the plaintiff has assigned the following errors:

(1) The court erred in sustaining the demurrer to plaintiff's petition.

(2) The court erred in holding that the allegations of fraud in plaintiff's amended petition, as amended, were insufficient to confer jurisdiction and power upon the Oklahoma Tax Commission to revalue the property involved in the action.

(3) The court erred in dismissing plaintiff's cause of action and rendering judgment in favor of defendant for costs.

That portion of the petition containing the allegations of fraud is as follows:

"Your petitioner further states and alleges that the amount of tax so paid by the said Exchange Oil Company, the predecessor in ownership of the said oil and gas mining leases to the Sinclair Prairie Oil Company, defendants herein, was incorrect, in that the said amounts of tax so paid did not reflect the amount of gross production tax at the rate of three per centum upon the true and proper, actual and real value of the said crude petroleum oil so produced to the credit of the said Exchange Oil Company, that the said Exchange Oil Company did willfully,

intentionally, and fraudulently conceal and withhold from the state of Oklahoma the said true, proper, actual and real value of the said crude petroleum oil so produced by the said Exchange Oil Company as aforesaid; that the payments of said gross production tax as hereinabove set forth by the said Exchange Oil Company did not amount to a full and complete payment of said gross production tax at the rate of three per centum of the true, proper, actual and real value of said oil. * * *

"That by such willful, intentional and fraudulent conduct in concealing and withholding from the plaintiff of such true, proper, actual, real and true value of said crude oil so produced by said Exchange Oil Company as above set forth, the said plaintiff failed to receive from the said Exchange Oil Company or from any other source, the proper gross production tax on said crude oil at the rate of three per centum, but that the said Exchange Oil Company, with the deliberate intent to evade the revenue laws of this state, did submit to the State Auditor untrue and false reports purporting to show the values of said crude oil as shown in Exhibit 'A,' which said values were fictitious and false, and made with the intent of the said Exchange Oil Company to escape the payment of a just and lawful tax, perpetrate fraud upon the state of Oklahoma, and deprive it of the proper amount of gross production tax for the periods as above set forth, upon the true, proper, actual and real values as hereinabove set forth."

The petition further alleges that the defendant at all times had knowledge of such fraud.

It is conceded by plaintiff that, in the absence of fraud or omission on the part of the Exchange Oil Company, the action of the State Auditor in approving the reports and accepting the tax payment is final. This question is settled in the case of Champlin v. Oklahoma Tax Commission, 163 Okla. 185, 20 P. (2d) 904, wherein it is held:

"In determining the amount due the state as income tax from a taxpayer under the 1915 Income Tax Law (chapter 164, Session Laws 1915), as amended by Session Laws 1921 (chapter 44), the State Auditor acted in a ministerial capacity wherein he was required to exercise a discretion, judicial in nature. and, unless appealed from, his decision became final and conclusive in the absence of fraud or omission."

It having been conceded that the action of the State Auditor is final in the absence of fraud or omission, it devolves upon us to determine whether or not plaintiff's allegations of fraud, omission, and concealment are sufficient to authorize the Oklahoma Tax Commission to revalue or reassess the property involved in this action. It is

not claimed that the producer in its reports misrepresented to the State Auditor the total number of barrels of oil produced, but that the gross undervaluation by the taxpayer of the oil so reported to the State Auditor was equivalent to an omission and concealment of its property.

Under the gross production tax act, section 12434, O. S. 1931, producers of petroleum are required to make quarterly reports to the State Auditor setting out the amount of oil produced during the preceding quarter, the location of its production, its value, etc., and such other information as the auditor may require. These reports are made on forms prescribed by the auditor.

Under this act the auditor is invested with wide discretionary powers and duties. They are judicial in nature, similar to his duties and powers under the income tax law. As expressed in Champlin v. Oklahoma Tax Commission, supra, his powers are quasi judicial. Section 12434, O. S. 1931, supra, confers upon him as an officer of the state the duty to accept such reports as are here in question, to require evidence upon the accuracy of the same, and to approve or disapprove them. These duties lie exclusively within his jurisdiction. After his approval of the reports, his acceptance of the amount found by him to be due and the matter thus closed, his acts or judgments in the matter are as conclusive and binding as are the judgments of the courts of superior and general jurisdiction. Concerning this question, Freeman, in his work on Judgments, vol. 1, page 855, says:

"An order or judgment is none the less conclusive collaterally because it was pronounced by an inferior court or by a quasi judicial tribunal. When acting within their powers and upon matters over which their jurisdiction has been duly invoked, they have the same right under the law to make determinations which shall be free from collateral impeachment as tribunals of superior powers."

On July 20, 1932, the Oklahoma Tax Commission, as the successor to the State Auditor's powers and duties with relation to the collection of gross production taxes, entered an order wherein it was recited that on that day the gross production tax reports, filed by the Exchange Oil Company for the period hereinbefore mentioned, were presented to the Tax Commission. It was further found that the tax which had been paid by the Exchange Oil Company was not based upon the true value of the crude petroleum oil so produced and reported for said period, and that the defendant herein, as the successor

in ownership of the leases from which the gross production had been reported by the Exchange Oil Company, was indebted to the state for an additional gross production tax on the petroleum oil so reported.

This was clearly an attempt by the Oklahoma Tax Commission to review the action of its predecessor, the State Auditor, and to reassess the same property that had been assessed theretofore by the State Auditor.

Plaintiff contends that the gross production tax act itself fixed the assessment of the property in controversy herein, and that the assessment was not made by the State Auditor. This contention is not tenable. The act prescribes the rate of taxation, but provides that the value of the property taxed is to be determined by the State Auditor, and the valuation of the property is essential to a complete assessment. Cooley, Taxation (4th Ed.) p. 2291. If petroleum oil had a fixed value, it might be said that the assessment was made by the act itself, but since it has no fixed value, the valuation or assessment of the oil reported under the provisions of the act must be made by the State Auditor. In Gray v. Stiles, 6 Okla. 455, 49 P. 1083, it was said:

"Assessment is the same as valuation of the property taxed. This assessment and valuation must be made by the officer or officers to whom it is by the statute expressly committed."

The property having been assessed by the State Auditor, we know of no provision of law for it to be reassessed either by the State Auditor or by his successor, the Oklahoma Tax Commission.

In Prairie Oil & Gas. Co. v. Cruce, 45 Okla. 774, 147 P. 152, this court said:

"The Legislature may make provision by law for a reassessment of property which has already been assessed at less than its fair value, but, in the absence of such provision by the Legislature, no authority exists in the board to do so; and we find no provision in the laws of this state conferring any authority upon any of the officers of the state whose duty it is to assess property to reassess the same after it has once been assessed. Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002."

We think that the order of the Tax Commission is void for the further reason that it does not purport to have been issued after notice to the taxpayer. The Tax Commission is clothed with the same quasi judicial powers with relation to the property in question as was its predecessor, the State Auditor. Freeman on Judgments, vol. 1, page 855, speaking of boards having quasi judicial powers, says:

"It is true the same presumptions as to jurisdiction do not support their judgments as pertain to courts of record and that nothing will be intended to be within their jurisdiction but what expressly appears to be so."

This order being silent as to notice, and there being no allegation that notice was given to the taxpayer, we conclude that none was given.

As to the necessity of notice in such cases, Cooley on Taxation (4th Ed.) vol. 3, page 2253, says:

"Upon this subject there is a general concurrence of authorities in the affirmative. It is a fundamental rule that in judicial or quasi judicial proceedings affecting the rights of the citizen he shall have notice and be given an opportunity to be heard before any judgment, decree, order or demand shall be given and established against him. Tax proceedings are not in the strict sense judicial, but they are quasi judicial, and as they have the effect of a judgment the reasons which require notice of judicial proceedings are always present when the conclusive steps are to be taken. Provision for notice is therefore part of the 'due process of law' which it has been customary to provide for these summary proceedings."

See, also, Security Trust & Safety Vault Co. v. City of Lexington, 203 U. S. 323, 51 L. Ed. 204.

The order of the Tax Commission being void, plaintiff cannot predicate a suit thereon to recover from the defendant the taxes and penalties which were in the void order found to be due to plaintiff from defendant.

Plaintiff alleged in its petition that at the time the reports were filed with the State Auditor, the Exchange Oil Company "did willfully, intentionally, and fraudulently conceal and withhold from the State Auditor the true, proper, actual, and real value of the said crude petroleum oil so produced by the said Exchange Oil Company, and did submit to the State Auditor untrue and false reports purported to show the values of the crude oil, which said values were fictitious and false and made with the intent of said Exchange Oil Company to escape the payment of a just and lawful tax, perpetrate fraud upon the state of Oklahoma and deprive it of the proper amount of gross production tax. * * *" Did such misrepresentation of value constitute actionable fraud? We think not. Plaintiff does not contend that the state, through its officer, the State Auditor, was prevented from having a trial

of the issues, or that it was prevented from contesting the correctness of defendant's evidence as to the value of the property; nor is there any charge that the State Auditor was guilty of fraud or misconduct. When the State Auditor examined the gross production reports and determined their correctness or incorrectness, the question of the value of the oil was a direct issue, and even though the taxpayer misrepresented to the State Auditor the value of the oil, and that is the only fraud charged to the taxpayer, the plaintiff could not maintain an action to set aside the judgment of the State Auditor on the issue tried and determined by him. In the case of Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632, the court held:

"False evidence or perjury alone, relative to an issue tried, is not sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the judgment was rendered; it must be such fraud as to prevent the other from having a trial of the issues."

See, also, Thigpen v. Deutsch et al., 66 Okla. 19, 166 P. 901; Douglas, Adm'r, v. Hoyle, 115 Okla. 7, 240 P. 1072; Clinton et al. v. Miller, 96 Okla. 71, 216 P. 135.

For the reasons stated, we hold that the plaintiff's petition as amended failed to state a cause of action against the defendant, and the trial court correctly sustained defendant's demurrer thereto.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.