## SMALL v. WHITE et al.

No. 24204.   May 14, 1935.

Rehearing Denied June 25, 1935.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

T. R. Wise, for defendants in error.

GIBSON, J.   Plaintiff in error and defendants in error will be referred to herein as plaintiff and defendants, respectively.

Plaintiff commenced an action in the district court of Beckham county against the defendants to recover the sum of $9,000 alleged to have been deposited with the defendant bank under the terms of an agreement between the plaintiff and defendant White. It was alleged that the contract was in the nature of an escrow, the money to be paid to White by the bank upon his completion of a well for oil and gas to a depth of 3,500 feet. The cause was tried at the August, 1931, term of court, resulting in a verdict and judgment for defendants.

After term time, on the 29th day of February, 1932, plaintiff filed her petition for a new trial on the ground of fraud and newly discovered evidence. On the 15th day of April, 1932, plaintiff filed her verified amended petition to vacate the judgment on the ground of fraud practiced by defendant White in obtaining the judgment, and on the ground of newly discovered evidence.

The trial court denied the amended petition and dismissed the same for the reason that the petition showed upon its face to have been filed too late, in that the newly discovered evidence submitted by plaintiff was known to her during the term at which the judgment was entered, and the petition was filed after the term.

From this judgment of the trial court the plaintiff has appealed.

The fraud relied upon by plaintiff to vacate the judgment rendered at the former trial consisted of White's alleged willful

mismeasurement of the well in question. By permission of the court at the original trial the depth of the well became an issue in the case. Certain witnesses testified to acts of fraud on the part of White in such measurement, but the pleadings contained no allegations of fraud. Two witnesses appointed by a committee of farmers were present when the well was measured. They testified at the former trial that they had seen nothing wrong with said measurement.

The newly discovered evidence offered by plaintiff at the hearing on petition to vacate was set out in affidavits of two of White's employees, Ritter and Strealy, who helped measure the well, wherein it is alleged by them that White procured their aid in falsifying the measurement by certain manipulation of the measuring tape. The affidavits were attached to and made a part of the petition.

It is contended by plaintiff that the acts of White deceived the two witnesses appointed by the farmers' committee and constituted such a fraud as to prevent a trial of the issues; that such acts constituted a fraud upon said witnesses, the plaintiff, and upon the court.

At the hearing upon the petition the trial court refused to consider the depositions of Ritter and Strealy. In these depositions the witnesses testified to substantially the same facts as were contained in their affidavits heretofore mentioned, and were admitted only for purposes of the record.

The action of the trial court in refusing to hear evidence of fraud in procuring the judgment and dismissing plaintiff's petition is presented for review on this appeal.

Section 556, subdivision 4, O. S. 1931, confers authority upon trial courts to vacate their judgments at or after term on the ground of fraud practiced by the successful party in obtaining the judgment. Although plaintiff's petition to vacate apparently sets up grounds for new trial as provided by sections 398 to 402, O. S. 1931, we may presume, since the filing was too late under said sections, the plaintiff is proceeding under section 556, subdivision 4, supra. Atchison, T. & S. F. Ry. Co. v. Schultz, 24 Okla. 365, 103 P. 756. In that event the petition was filed within the statutory limitation.

It would appear that the trial court dismissed the petition on the assumption that plaintiff was proceeding under sections 398 to 402, supra. Under said sections time for filing the petition had expired and the court was without jurisdiction to hear and determine the petition. However, there is nothing to indicate that the court did not consider fully all the allegations contained in said petition, which would include a consideration of the sufficiency of the allegations of fraud as provided in section 556, supra. By its decision the trial court has held that the allegations of fraud contained in the petition were insufficient to entitle the plaintiff to the relief sought.

A petition to vacate a judgment under section 556, subdivision 4, supra, is addressed to the sound legal discretion of the trial court, and the judgment on the hearing on such petition will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion. Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632.

Whether or not the trial court abused its discretion in holding that plaintiff's allegations of fraud were insufficient to entitle her to the relief sought is the question presented to this court on this appeal.

In Estes v. Timmons, 12 Okla. 537, 73 P. 303, it was held that fraud sufficient to vitiate a judgment must be extrinsic or collateral to the matter tried and not a fraud which was an issue in a former suit. Such has been the uniform holding of this court. In National Aid Life Ass'n v. Morgan, 168 Okla. 224, 32 P. (2d) 290, the rule is expressed as follows:

"False evidence or perjury alone, relative to an issue tried, is not sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the judgment was rendered; it must be such fraud as to prevent the other from having a trial of the issues."

See, also, Vacuum Oil Co. v. Brett, supra, and cases there cited.

It is conceded that the question of the depth of the oil well was a vital issue at the original trial. It is charged that White was the successful contestant under that issue by means of false and perjured evidence. The plaintiff's case falls squarely within the general rule as expressed above.

The trial court's refusal to consider evidence on the allegations was equivalent to sustaining a general demurrer to the petition (First National Bank of Pond Creek v. Cochran, 17 Okla. 538, 87 P. 855); and as was said by this court in National Aid Life Ass'n v. Morgan, supra:

"It is not error to sustain a demurrer to a petition to vacate a judgment based on the ground of fraud in the procuring thereof when the allegations of the petition show that the fraud consists of false testimony wrongfully procured by a party to the action."

The record discloses no abuse of discretion on the part of the trial court in dismissing plaintiff's petition.

The judgment is therefore affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, and PHELPS, JJ., concur.