## DONLEY v. DONLEY.

No. 28733.   April 4, 1939.

M. E. Becker and Hughes & Dickson, for plaintiff in error.

Ross Rizley, Vincent Dale, and E. B. McMahan, for defendant in error.

HURST, J. This is an appeal from an order vacating an annulment decree on the ground of fraud in procuring the defendant to sign an appearance and waiver of summons. The proceeding was instituted under the fourth subdivision of section 556, O. S. 1931 (12 Okla. St. Ann. sec. 1031). The material facts are these: Plaintiff and defendant were married January 17, 1933. At that time defendant had a child, born out of wedlock, about six months of age, and she claimed that plaintiff was its father. The marriage was consummated for the purpose of legitimating the child. The parties did not live together after the marriage. On May 14, 1937, plaintiff filed this action to annul the marriage on the ground that he married defendant under duress, and on that day he filed a waiver of issuance and service of summons, general appearance, and consent to an immediate trial, dated and signed by the defendant on May 3, 1937. On May 21, 1937, a default judgment was rendered annulling the marriage and enjoining defendant from using his name for herself or said child. On November 8, 1937, defendant filed a petition in said cause alleging that plaintiff fraudulently procured her signature to said waiver of summons and appearance on the representation that same was to be filed in a divorce action he was going to file. Summons on this petition was issued and served on plaintiff, and thereafter plaintiff filed an answer denying the allegations as to fraud and misrepresentation.

The evidence on behalf of defendant was that on May 3, 1937, plaintiff was in Perrytown, Tex., and had with him the waiver of summons and appearance, and asked defendant's brother to get it signed by defendant, and told him he was going to file a **divorce** suit. The brother consulted a lawyer, who advised him that if it was to be used in a divorce action, defendant could safely execute it and that the legitimacy of the child would not be affected in a divorce action and not an annulment action. The brother then took the paper to defendant and told her what plaintiff and the attorney had said, and she executed it with the understanding that it was to be used in a **divorce** action. Plaintiff testified that he told defendant's brother that the waiver was to be filed in an **annulment** action that he was going to file, and he denied that he told him that he was going to use it in a divorce action. We are committed to the rule that: "A petition to vacate a judgment, under section 810, C. O. S. 1921 (sec. 556, O. S. 1931, 12 Okla. St. Ann. sec. 1031), is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused." Vacuum Oil Co. v. Brett (1931) 150 Okla. 153, 300 P. 632. See, also, Thompson v. Hensley (1927) 128 Okla. 139, 261 P. 931; Small v. White (1935) 173 Okla. 83, 46 P.2d 517.

The trial court was in a much better position than we are to pass upon the credibility of the witnesses. The only real conflict is between the testimony of the plaintiff and that of defendant's brother as to whether plaintiff stated to the latter that the waiver was to be used in a divorce action or an annulment action. The testimony as to the conversation between defendant and her brother or between her brother and the attorney is not contradicted. Furthermore, the fact that the sole purpose of the marriage was to legitimate the child is a strong circumstance in favor of the finding that defendant would not have signed the waiver if she had not been assured that it would not affect the status of her child. After a careful consideration of the record, we cannot say that the trial court abused its discretion in vacating the judgment.

Affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.