In re THOMAS.

No. 32821.    April 15, 1952.

Rehearing Denied Oct. 28, 1952.

*249 P. 2d 441.*

322

A. M. Ebright, Hayes McCoy, R. O. Mason, D. A. Jerome, and F. H. Bacon, Bartlesville, for plaintiffs in error.

Tom L. Irby, Ponca City, for defendant in error.

JOHNSON, J.   A fair statement of the case is substantially as follows:

On September 21, 1945, Ann Thomas, the wife of William Marvin Thomas, filed her petition in the county court of Kay county alleging that William Marvin Thomas was incompetent to manage his business and affairs by reason of mental incompetency, and asked the court to appoint a guardian for him. On the same date the county judge of said county made an order setting his petition for hearing on the 5th day of October, 1945, at 10:00 a. m., and ordered that notice be given to William Marvin Thomas by personally serving him with a copy of the order. Personal service was made upon the alleged incompetent on September 22,

1945. On October 5, 1945, the matter came on for a hearing before the county judge and evidence was heard. At the hearing the alleged incompetent requested that the further trial of the matter be continued to the 10th day of October, 1945. On October 10, 1945, the matter came on for further hearing; the alleged incompetent appeared in person and at the conclusion of the testimony the county judge found that William Marvin Thomas was incompetent to handle his business affairs and appointed William I. N. Lofland as guardian, who duly qualified by filing a bond which was approved by the court, and by taking and filing the official oath of office. Letters of guardianship were issued by the court on the 1st day of November, 1945. The guardian filed his appointment of a resident agent on November 1, 1945.

On April 24, 1946, long after the time for an appeal from any order made by the county judge had expired, the Cities Service Oil Company, a corporation, C. A. "Al" Myers, and Don V. Eells, employees of the Cities Service Company, filed their application to vacate appointment of guardian, alleging in substance that the guardian filed a bond on November 1, 1945, dated October 31, 1945, and setting out certain alleged irregularities concerning the execution of the bond; that the guardian has not filed an inventory and appraisement within three months of his appointment; that the guardian is not by age, education, training and experience a fit and proper person to act as guardian; that the incompetent had prior to the appointment of a guardian filed a compensation claim against the Cities Service Oil Company; that the State Industrial Commission had held against Thomas and that he had appealed the case to the Supreme Court and later dismissed his appeal; that the guardian had filed a suit against the Cities Service Oil Company in Seminole county, Oklahoma, for his ward and he seeks to recover for his ward $82,630 from the Cities Service Oil Company; that Thomas has since the appointment

of a guardian been gainfully employed and coached persons in boxing; that Ann Thomas filed a suit against William Marvin Thomas for a divorce; that Cities Service Oil Company owns and operates a refinery in Kay county and is a big taxpayer; that by procuring the adjudication of incompetency of a competent person and the appointment of a guardian, the Cities Service Oil Company is prevented from removing the damage suit brought in Seminole county, Oklahoma, to the Federal court and that this is fraud; and prayed that the county court set aside all purported orders theretofore made in the guardianship matter including the order of October 10, 1945, adjudging William Marvin Thomas incompetent and appointing a guardian.

To this application the guardian demurred upon two grounds:

(a) For the reason that the applicants had no capacity to bring the action.

(b) That the application does not state facts sufficient to entitle the applicants to the relief prayed for.

Both the county court and the district court upon appeal sustained the demurrer. From the action of the district court in sustaining the demurrer to their application appellants bring this appeal.

Of the numerous questions raised, we deem it material to consider only the following: (a) that the applicants could legally bring the action; (b) that the order declaring a competent person incompetent solely for the purpose of depriving the Federal courts of jurisdiction of a cause to be commenced was fraud of such character as to render the adjudication of incompetency void and subject to attack by anyone thereby affected; (c) that since incompetency proceedings are not adversary proceedings the court should carefully examine charges that the proceedings are collusive and fraudulent.

Under contention (a) the Cities Service Oil Company asserts (1) that since it is an interested party, it is a proper party to the application to vacate the order adjudging William Marvin Thomas an incompetent; and, (2) that Dan V. Eells and C. A.. "Al" Myers, its employees (no relation to Thomas), could properly bring the case as next friends of Thomas; (3) that Frank H. Bacon and D. A. Jerome as amici curiae had a right to present the collusive character of the incompetency proceedings to the court; (4) that the court in the exercise of its inherent power and duty to protect the exercise of its jurisdiction from fraudulent and collusive suits should have investigated the facts no matter how the facts were brought to its attention.

No issue is raised as to whether a foreign guardian for an incompetent may be appointed under the circumstances herein.

It is seriously urged that the county court was fraudulently prevailed upon to and did declare a competent person incompetent and appointed a guardian accordingly, and that the oil company, against whom the guardian of the incompetent brought a suit for personal damages, was an interested party because it was thereby prevented from having the cause transferred from the state court to the Federal court and tried therein; and, that against such order an attack may be maintained in the county court not only by it but by friends of the ward or by attorneys as friends of the court.

Title 58 O. S. A. §851 provides that when it is represented to the county court upon verified petition of any relative or friend, that any person is insane or from any cause mentally incompetent to manage his property, the judge must cause notice to be given to the supposed insane or incompetent person of the time and place of the hearing of the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him for hearing. Title 58 O. S. A. §852 provides that if after a full hearing and examination upon such petition, it appears to the judge

of the county court that the person in question is incapable of taking care of himself and managing his property, he must appoint a guardian of his person and estate.

These provisions were admittedly complied with in making the order declaring William Marvin Thomas incompetent and appointing his guardian, and but for the alleged fact that he was competent when so declared incompetent, no objections would have been interposed by plaintiffs in error.

The question of the competency or incompetency of William Marvin Thomas was an issue of fact to be determined by the court.

An appointment of a guardian imports jurisdiction to do so. Powers v. Brown, 122 Okla. 40, 252 P. 27. This rule was applied in the recent case of Armstrong v. Martin, 203 Okla. 565, 223 P. 2d 1072, wherein we said that a county court's appointment of a guardian of an incompetent's person and estate imports jurisdiction to do so and warrants inference that all facts necessary to vest the court with jurisdiction were found to exist and an order appointing a guardian is not subject to collateral attack.

It is contended by plaintiffs in error that this application is in effect a motion to vacate and set aside a judgment and is a direct attack and not a collateral attack. Citing and quoting from Kasparian v. Kasparian, 132 Cal. A. 773, 23 P. 2d 802, and other cases of similar import. These cases are not in point or applicable to the facts in the case at bar. We think the law applicable herein is found in our statutes.

Assuming that the petition of the appellants was proper and that the action was commenced in the proper manner, the petition shows that if there was any fraud practiced in obtaining the appointment of the guardian for Thomas, it was by means of false and perjured evidence relative to his incompetency, and in Small v. White, 173

Okla. 83, 46 P. 2d 517, in quoting with approval from National Aid Association v. Morgan, 168 Okla. 224, 32 P. 2d 290, we said:

"It is not error to sustain a demurrer to a petition to vacate a judgment based upon the ground of fraud in the procuring thereof when the allegations of the petition show that the fraud consists of false testimony wrongfully procured by a party to the action."

In the recent case of In re Vaughan's Guardianship, 205 Okla. 438, 239 P. 2d 403, this court held that the superintendent of a foreign oil company's station was entitled to file a motion, as an incompetent's friend, to restore to competency one who was adjudged incompetent in a proceeding brought in county court for purpose of having resident of state of such company's incorporation appointed as guardian so that his contemplated suit could not be removed to a Federal court, though superintendent was not incompetent's "friend" in the strictest sense of the word, as he had a right to feel that the county court was overreached, that his employer was being imposed on, and that some of their rights were being taken from them. On appeal, this court considered and weighed the evidence and affirmed the district court's judgment, finding the ward competent.

But as indicated herein this is not an action to restore to competency the person adjudged incompetent. It is an attack on the final judgment rendered under the exclusive jurisdiction of the county court in a special proceeding. The demurrer to the application was properly sustained. Whether Thomas was competent or incompetent was the evidentiary issue before the county court in the original proceedings and not extraneous thereto. The court acted upon that issue, as provided for under 58 O. S. A. §§851 and 852, supra, and exercised its exclusive jurisdiction from which no appeal was taken.

For the reasons stated the judgment is affirmed.

ARNOLD, C. J., and DAVISON, O'-NEAL, and BINGAMAN, JJ., concur. HALLEY, V. C. J., and WELCH, CORN, and GIBSON, J., dissent.

Rehearing Denied Oct. 28, 1952.