DEBOSE et al. v. BARKER.

No. 35481.   Oct. 14, 1952.

Rehearing Denied Dec. 9, 1952.

*250 P. 2d 852.*

Wm. H. McClarin, Tulsa, for plaintiffs in error.

Norman Barker, Tulsa, pro se.

DAVISON, J.   This action was commenced in the court of common pleas of Tulsa county by Norman Barker suing defendants to recover on a written contract for legal services rendered by him as an attorney.  Judgment was for plaintiff in the sum of $477.90 and the defendants appealed.  The appeal was dismissed upon jurisdictional grounds. Debose v. Barker, 204 Okla. 607, 232 P. 2d 925.   After the mandate had reached the trial court defendants filed in the same action a petition to

vacate the judgment on the ground of fraud practiced in the procurement thereof. The court struck the petition and entered judgment for plaintiff dismissing the petition to vacate, and defendants have appealed.

A motion to dismiss has been filed and it is argued that the appeal is without merit. Plaintiff's motion must be sustained.

In Thigpen v. Deutsch et al., 66 Okla. 19, 166 P. 901, it is stated:

" * * * the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues."

That case is cited with approval in a number of cases in an unbroken line of authorities. Among these cases are Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632; State ex rel. Oklahoma Tax Commission v. Sinclair Prairie Oil Co., 171 Okla. 498, 41 P. 2d 876, and Metzger v. Turner, 195 Okla. 406, 158 P. 2d 701.

In Vacuum Oil Co. v. Brett, supra, it is stated:

"The Supreme Court of the Territory of Oklahoma, in Estes v. Timmons, 12 Okla. 537, 73 P. 303, announced the rule that the fraud must be extrinsic or collateral to the matter tried and not a fraud which was an issue in a former suit, following United States v. Throckmorton, 98 U.S. 61, 25 L. Ed. 93, and that has been the uniform holding of this court since that time. It was not only followed in the cases hereinbefore cited, but it was followed in Brown v. Trent, 36 Okla. 239, 128 P. 895; Ross v. Groom, 90 Okla. 270, 217 P. 480; Wolf v. Gills, 96 Okla. 6, 219 P. 350; Johnson v. Furchtbar, 96 Okla. 114, 220 P. 612; Tiger v. Drumright, 95 Okla. 174, 217 P. 453; Hensley v. Conrad, 99 Okla. 173, 226 P. 54; Grey v. McKnight, 75 Okla. 268, 183 P. 489; Cherry v. Gambel, 101 Okla. 234, 224 P. 960; and Burton v. Swanson, 142 Okla. 134, 285 P. 839."

In the original case defendants claimed that the services were rendered for research made in determining the amount due on certain mortgages and to obtain a release of one of these mortgages; that plaintiff was not entitled to the money provided in the written contract because the holder of the mortgage to be released intended to release the mortgage without any demand. It is also claimed that the amount charged for services was entirely exorbitant.

In the petition to vacate the only difference in the allegations is that plaintiff had agreed to accept the sum of $100 as a fee for his services and that plaintiff fraudulently concealed the fact that he promised to recover for the defendants approximately $1,000 that defendants had paid the mortgagee over and above the amount due on the mortgage to be released. These allegations so plainly come within the rule above announced that the attempt to relitigate the same is without serious merit. There was no error of the court in striking the petition to vacate and dismissing the petition.

Appeal dismissed.

WELCH, CORN, GIBSON, JOHNSON, and BINGAMAN, JJ., concur.