## OKLAHOMA TAX COMMISSION et al. v. RITTENHOUSE.

### No. 25783.    Oct. 1, 1935.

Rehearing Denied March 10, 1936.

C. W. King and A. L. Herr, for Oklahoma Tax Commission.

L. G. Harries, for plaintiff in error Weems.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

OSBORN, V. C. J.    This action was instituted in the district court of Oklahoma county by F. A. Rittenhouse, hereinafter referred to as plaintiff, against the Oklahoma Tax Commission and Ray O. Weems, State Treasurer, hereinafter referred to as defendants, to recover certain gross production taxes paid under protest. From a judgment in favor of plaintiff, defendants have appealed.

The record discloses that in 1930 the Eason Oil Company, under contract with the owners of an oil and gas lease in Logan county, drilled a producing oil well on the tract and thereby became the owner of an undivided one-half interest in the lease and well. On March 20, 1931, plaintiff purchased from one Davenport and Frank Frantz, Jr., a 21/256 interest or share in the lease and well. It developed that the gross production tax for the last quarter of the year 1930 had not been paid. The Tax Commission made demand upon plaintiff for the payment of said amount including a penalty which aggregated $92.21. The tax was paid under protest and this action commenced to recover the same. It is noted that plaintiff did not purchase a part of the royalty interest, but purchased an interest in the leasehold.

The tax in question is the gross production tax levied upon production of oil obtained from the lease and well purchased by plaintiff. The state contends that the tax became delinquent on December 30, 1930, and at that time a lien against the leasehold estate in favor of the state was fixed by operation of law and that plaintiff purchased his interest subject to said lien and that the state is not precluded or estopped from enforcing its lien against plaintiff, the purchaser. The sole authority relied upon by the state to establish its position is section 12437, O. S. 1931, which provides:

"When any tax provided for in this act shall become delinquent as provided in section 7465, Revised Laws 1910 (12435), the State Auditor shall issue his warrant directed to the sheriff of any county wherein the same or any part thereof accrued, for the collection of the amount of said tax, interest and penalty, and the sheriff to whom said warrant shall be directed shall proceed to levy upon the property, assets and effects of the person, firm, association or corporation against whom said tax is assessed, and to sell the same and to make return thereof as upon execution. Such tax, interest and penalty shall constitute and remain a lien upon the property, assets and effects of such person, firm, association or corporation until paid, and may be recovered at the suit of the state in any court of competent jurisdiction of the county where any such property, assets and effects are located."

Our attention is also directed to section 12435, O. S. 1931, which provides as follows:

"The tax provided for in the preceding section shall become delinquent after the date fixed for each quarter annual report to be filed in the office of the State Auditor and from such time shall, as a penalty for such delinquency, bear interest at the rate of 18 per cent. per annum, and shall be collected in the manner hereinafter provided. If any person, firm, association or corporation shall fail to make the report of the gross production of any mine or oil or gas well, upon which a tax is herein provided for within the time prescribed by law for such report, it shall be the duty of the State Auditor to examine the books, records and files of such person, firm, association or corporation to ascertain the amount and value of such production to compute the tax thereon as provided herein, and he shall add thereto the cost of such examination together with any penalties accrued thereon."

It is contended by plaintiff that the lien does not attach until certain conditions required by statute are performed by the taxing officials; that there must be a valid levy and assessment of taxes and under the

facts in this case no such levy or assessment was made prior to the time plaintiff acquired his interest in the leasehold estate. Section 12434, O. S. 1931, provides for the filing of reports by the operators of oil wells showing the amount of production and the actual value thereof, and further provides that said operators shall pay at the time of filing said report 3 per centum of the gross value of the oil produced for the prior three months' period. It is further provided that the State Auditor shall have power to ascertain and determine whether or not the report constitutes a true and correct return, and in case of a failure or refusal to make such return the State Auditor shall ascertain the correct amount of production and compute the tax. In this case no return was filed. It therefore became necessary under the provisions of section 12435, supra, for the State Auditor to examine the books and to ascertain the amount and value of the production and to compute the tax. The case of State ex rel. v. Sinclair Prairie Oil Co., 171 Okla. 498, 41 P. (2d) 876, involved a question dissimilar to the question with which we are now concerned, but in the body of the opinion we find the following pertinent statement:

"Plaintiff contends that the gross production tax act itself fixed the assessment of the property in controversy herein, and that the assessment was not made by the State Auditor. This contention is not tenable. The act prescribes the rate of taxation, but provides that the value of the property taxed is to be determined by the State Auditor, and the valuation of the property is essential to a complete assessment. Cooley, Taxation (4th Ed.) p. 2291. If petroleum oil had a fixed value it might be said that the assessment was made by the act itself, but since it has no fixed value, the valuation or assessment of the oil reported under the provisions of the act must be made by the State Auditor."

In the instant case it clearly appears that on March 20, 1931, the date of the purchase by plaintiff of his interest in the leasehold, there had been no computation made by the State Auditor or the Oklahoma Tax Commission as to the value of the production which determined the amount of tax due. Until such value was ascertained in the manner provided by law, there could be no legal assessment against the leasehold interest. It is equally obvious that until an assessment was made no lien could attach to the property in favor of the state for unpaid taxes.

It is to be noted, however, that the 1931 Legislature took cognizance of this situation as to prior enactments (chapter 66, art. 5, sec. 3, Session Laws 1931), as did also the 1933 Legislature (chapter 103, sec. 6, Session Laws 1933).

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.