2001 OK CIV APP 20

In the Matter of the GUARDIANSHIP OF E.F. BRYAN, an alleged incapacitated/partially incapacitated person,

Gary Eastridge, Petitioner/Appellant,

v.

E.F. Bryan, Respondent/Appellee.

No. 94,481.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 22, 2001.

Jesse J. Worten, III, P. Scott Buhlinger, Bartlesville, Oklahoma, for Appellant.

W. Robert Wilson, Pawhuska, Oklahoma, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶1 Appellant, Gary Eastridge (Eastridge), initiated this guardianship proceeding on October 12, 1999. Eastridge sought to be appointed as guardian, special guardian or limited guardian of his grandfather, Appellee, E.F. Bryan (Bryan). Eastridge alleged Bryan was an incapacitated or partially incapacitated person. Bryan is a 91–year–old gentleman who lived alone, except for two caregivers. The caregivers cook Bryan's meals, clean his house and provide general care. On October 5, 1999, Bryan created a revocable trust and executed a durable power of attorney. A family friend was made the attorney-in-fact to act for Bryan. On the same day, Bryan conveyed all of his real estate, 360 acres, into the revocable trust. Bryan, as trustee, sold the real estate to Charles Hatfield (Hatfield) reserving a life estate for Bryan. A mortgage was executed for $100,000.00 payable to the trust. It was unclear at trial exactly the amount Hatfield paid for the property, however, Eastridge believes Bryan received $159,000.00 for the property. An appraisal was submitted at trial by stipulation of the parties. The appraiser noted the property, due to the rocky and hilly nature, could only be used for oil and gas development, which was its current use and appraised the value to be $153,000.00.

¶ 2 Eastridge became concerned when he heard about the real estate being sold and requested Osage County Adult Protective Services to investigate whether Bryan was being taken advantage of by Hatfield. A service worker for the Adult Protective Services testified her investigation was not complete but she had not found any evidence of exploitation at the time of the hearing. She testified Bryan was being well cared for and although had some short term memory loss, the last time she had tested his mental capacity, Bryan knew what year, what month, and was able to count backwards.

¶ 3 Bryan adamantly testified at trial that he did not want or need a guardian. A clinical psychologist testified that she found Bryan to be mentally competent and was not suffering from any dementia other than what occurs with the normal aging process. Everyone testified Bryan needed limited assistance, which Bryan was already receiving through his caregivers and the executed durable power of attorney. After hearing all of the testimony, the trial court found Bryan was neither an incapacitated person nor a partially incapacitated person and denied Eastridge's petition to appoint a guardian for Bryan. Eastridge appeals.

■ ¶ 4 The issues on appeal are: 1) whether the trial court erred in failing to consider the application of the limited guardianship to the evidence presented by Eastridge; and, 2) whether the trial court's denial of appointment of guardian is supported by competent evidence. In guardianship matters, the appellate court reviews all the evidence for the purpose of ascertaining whether there is sufficient competent evidence to sustain the trial court's judgment. *In Re Guardianship of Bogan,* 1968 OK 21, 441 P.2d 972, 974.

■ ¶ 5 Eastridge argues he produced clear and convincing evidence that Bryan was incapacitated or partially incapacitated and as a result the statutes governing appointment of guardians require the trial court to appoint a guardian. Eastridge contends the trial court may not exercise its discretion to the contrary under the facts presented in this matter because it is clear from the evidence presented that Bryan was partially incapacitated. Title 30 O.S.1991 § 3–111 provides:

"A. At the hearing on the petition the court shall determine whether or not it is necessary to appoint a guardian of the person, property or both. If a guardian is needed, the court shall determine:

1. when a general or limited guardian of the person of the subject of the proceeding is requested, the essential requirements for the health and safety of the subject of the proceeding and the skills and knowledge necessary to meet those requirements;

2. When a general or limited guardian of the property of the subject of the proceeding is requested, the type and amount of the financial resources of the subject of the proceeding, the essential requirements for managing the financial resources, and the skills and knowledge necessary to manage the financial resources;

3. The nature and extent of the incapacity of the subject of the proceeding, if any; and

4. Whether by clear and convincing evidence the subject of the proceeding is an incapacitated or partially incapacitated person.

B. If after a full hearing and examination upon such petition, the court finds by clear and convincing evidence that the subject of the proceeding is an incapacitated or partially incapacitated person, the court shall appoint a guardian or limited guardian and shall issue an order appointing a guardian. The court shall explain on the record the facts and reasons supporting the decision not to impose any less restrictive alternatives."

Pursuant to the statute, the trial court shall appoint a guardian only after considering fully all of the evidentiary materials presented in the hearing, and determining whether a guardian is needed under the facts and circumstances presented. Although every witness testified Bryan, due to his age, needed some assistance, that assistance had already been implemented by Bryan through the execution of an extensive durable power of attor-

ney and the hiring of caregivers. Eastridge argues these actions by Bryan confirm the necessity of at least the appointment of a limited guardian. We do not agree.

¶ 6 The question of incapacity or partial incapacity is an issue of fact to be determined by the trial court. *In re Thomas,* 1952 OK 164, 249 P.2d 441. The trial court expressly found Bryan was neither incapacitated nor partially incapacitated because of the lack of evidence of physical/mental abuse, exploitation, or mismanagement of money. To the contrary, the trial court found Bryan was mentally alert and was being well provided for as far as physical and emotional needs through his own initiative, as Bryan had brought in caregivers resulting in excellent care. The trial court noted Bryan did experienced some short term memory loss on rare occasions and did become slightly confused in the formal courtroom setting during questioning by Eastridge's attorney, but the trial court found this, in and of itself, did not show a need by clear and convincing evidence that a guardian should be appointed for Bryan.

¶ 7 We have diligently reviewed the record in this case and find that the trial court did consider whether a limited guardian should be appointed. Further, we find the trial court's denial of the appointment is supported by competent evidence. Accordingly, the trial court's judgment is affirmed.

¶ 8 AFFIRMED.

¶ 9 ADAMS, P.J., and JOPLIN, J., concur.